Lemon Thomson, Respondent, *v.* John O. Poor and Charles C. Poor, Appellants.

Contract — Waiver of Time of Performance. A party to a written contract, sealed or unsealed, within or outside the Statute of Frauds, who is entitled to demand the performance by the other party of some act within a specified time, and who has consented orally to the postponement of the performance to a time subsequent to that fixed by the contract, where the other party has acted upon such consent and in reliance thereon has permitted the contract time to pass without performance, is estopped from subsequently recalling such consent, and waives his right to treat the non-performance within the original time as a breach of the contract.

Mem. of decision below, 67 Hun, 653.

(Argued October 11, 1895; decided November 26, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 15, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit before the court without a jury.

This action was brought to recover a balance claimed to be due under a contract.

On the 1st of April, 1885, the parties entered into a contract in writing under seal for the sale by the plaintiff to the defendants of the bark on the hemlock trees on the "Harris" lot, owned by the plaintiff, at a specified price per cord, to be peeled by the defendants, eight hundred to a thousand cords in 1885, and not less than one thousand cords in each year thereafter. The defendants were to pay on the first day of January in each year for the bark peeled during the previous year. The complaint alleges that in the year 1886 the defendants peeled 935 cords, but paid for it only in part, and alleged that there was still due and owing for the bark so peeled the sum of $752.82. The answer denied certain of the allegations in the complaint, and set up as an affirmative defense that in the year 1885, after the making of the written contract of April 1, 1885, the parties thereto, by an agreement between them, modified and

changed the contract by limiting the amount of bark which the defendants should be required to peel in the year 1886 to 500 cords, and alleged performance of the modified contract. The plaintiff, on the trial, to maintain his cause of action, proved the written contract of April 1, 1885, and also proved and put in evidence, under objection, a certain contract made by him with one Wakeley, dated August 3, 1885, to cut and deliver all the hemlock, spruce and pine logs on the Harris lot " in such manner as to comply with the agreement for peeling and selling the hemlock bark on said lot." He also gave proof that the defendants had peeled and paid for during 1886 only 500 cords of bark. The plaintiff having rested, the defendants moved for a non-suit on several grounds, and, among others, that the plaintiff had failed to prove the cause of action alleged in the complaint. The motion was denied. The defendants then proved that their tannery where the bark was to be used was burned in July, 1885, and then offered to prove a conversation between their agent and the plaintiff in November, 1885, which proof was objected to by the plaintiff on several grounds : (1) That its only relevancy would be to prove the agreement alleged in the answer, which was an agreement to extend the time for peeling the bark and not for extending the time of payment; (2) that a sealed contract could not be changed by an oral agreement made without consideration, before breach; (3) that the written contract being for the sale of an interest in lands (required to be in writing) could not be added to or varied by any oral contract.

Thereupon, before the objection was ruled upon, the defendants offered to prove in substance that in November or December, 1885, the defendants entered into an oral contract with the plaintiff reducing the quantity of bark to be cut and peeled in each year to 500 cords, conditioned upon such change being made satisfactory to Wakeley and that the defendants performed the condition, and on the 25th day of February, 1886, they entered into a written contract with Wakeley to peel all the bark on the " Harris " lot for them for a price fixed, five hundred cords in the season of 1886 and 500 cords in each

year thereafter, or more, to the extent of 1,000 cords a year
if the defendants should so elect; that on the same day (Feb-
ruary 25, 1886) they entered into a contract with the firm of
Shaw & Co. to sell to that firm all the bark they had agreed
to purchase of the plaintiff, to be delivered only in quantities
of 500 cords a year, and all their rights under the contract
with the plaintiff of April 1, 1885, as modified by the agree-
ment of November or December, 1885; that the contracts
made by the defendants with Wakeley and Shaw & Co.
were entered into by them in consideration of the modified con-
tract made by them with the plaintiff in November or Decem-
ber, 1885, and that they would not have been made except by
reason thereof; that the defendants agreed to pay Wakeley a
larger sum for peeling the bark than they would otherwise
have paid except for his agreement to peel 500 cords
and no more annually; that in pursuance of the several
agreements the defendants peeled 500 cords in 1886, and paid
therefor for the work of peeling and the purchase price as
provided in the several contracts, and have performed their
several contracts, and that they fully performed the contract
of April 1, 1885, as changed and modified; that the plaintiff
had knowledge of all the facts offered to be proved as they
transpired.  It was admitted in connection with the offer that
the contracts made by the defendants with Wakeley and
Shaw & Co. formed the only consideration upon which the
oral contract of modification of November or December,
1885, can rest.  The plaintiff objected to the proof offered
upon the same grounds upon which he objected to the proof
of the proposed conversation, adding thereto the objection of
want of consideration for the alleged modified agreement.
The court rejected the proof offered, and no further proof
being given by either party, the case was submitted.  The
judgment proceeded on the ground that the defendants by
not peeling more than 500 cords of bark in the year 1886, had
broken their contract and that plaintiff was entitled to recover
the purchase price thereof, and judgment was rendered in
favor of the plaintiff for $757.82, with interest.

*J. S. L'Amoreaux* for appellants. Parties may by parol waive covenants in a contract under seal, or the time of performance may be extended by parol. The enlarged time is substituted for the time specified in the original contract. This is not in conflict with the general rule that a written contract cannot be varied or modified by parol. (*Homer* v. *G. Ins. Co.*, 67 N. Y. 478, 481; *Burt* v. *Saxton*, 1 Hun, 553; *Jenks* v. *Robertson*, 58 N. Y. 621; *Dodge* v. *Crandall*, 30 N. Y. 294; *Schmidt* v. *Cowperthwait*, 66 How. Pr. 477; *Roby* v. *A. C. Ins. Co.*, 120 N. Y. 511; *McCreery* v. *Day*, 119 N. Y. 1; *Pechner* v. *P. Ins. Co.*, 65 N. Y. 207; *Newman* v. *Nellis*, 97 N. Y. 285; *Griswold* v. *Haven*, 25 N. Y. 608; *McNeil* v. *T. N. Bank*, 46 N. Y. 325; *Conrow* v. *Little*, 115 N. Y. 387; *Trustees, etc.*, v. *Smith*, 118 N. Y. 634; *Blair* v. *Wait*, 69 N. Y. 113; *Thompson* v. *Simpson*, 128 N. Y. 271; *In re St. Nicholas Terrace*, 143 N. Y. 621; *Kenyon* v. *K. T. M. M. A. Assn.*, 122 N. Y. 247; *Dunn* v. *Steubing*, 120 N. Y. 232; *Bishop* v. *A. I. Co.*, 130 N. Y. 488; *Messelback* v. *Norman*, 122 N. Y. 578; *Kane* v. *Cortesy*, 100 N. Y. 132; *McKenzie* v. *Harrison*, 120 N. Y. 260; *Clark* v. *Dales*, 20 Barb. 64; *Esmond* v. *Van Benscoten*, 12 Barb. 367; *Stone* v. *Sprig*, 20 Barb. 509; *Grange* v. *Palmer*, 56 Hun, 481; *Vandekar* v. *Reeves*, 40 Hun. 430; *S. R. H. Co.* v. *Brennan*, 64 Hun, 607; *In re Cooper*, 93 N. Y. 512; *Lowry* v. *Tew*, 3 Barb. Ch. 413; *Pope* v. *O'Hare*, 48 N. Y. 452; *Lobdell* v. *Lobdell*, 36 N. Y. 327; *Mead* v. *Parker*, 111 N. Y. 259; *Lattimore* v. *Harsen*, 14 Johns. 329; *Dearborn* v. *Cross*, 7 Cow. 48.) There was sufficient consideration to support the modified contract. (*Freeman* v. *Freeman*, 43 N. Y. 39; *Sands* v. *Crooke*, 46 N. Y. 570; *White* v. *Baxter*, 71 N. Y. 260; *Marie* v. *Garrison*, 83 N. Y. 43; *Rector, etc.*, v. *Teed*, 120 N. Y. 583; *Hamer* v. *Sidway*, 124 N. Y. 538; *Dunn* v. *Steubing*, 120 N. Y. 232.) The action cannot be maintained as the complaint is framed. (*Southwick* v. *F. N. Bank*, 84 N. Y. 428; *Truesdell* v. *Searles*, 104 N. Y. 167.)

*Isaac Lawson* for respondent. There was no error in the refusal of the defendants' motion for a nonsuit. (*Dustan* v.

*McAndrews*, 44 N. Y. 72; *Mason* v. *Decker*, 72 N. Y. 595; 57 Hun. 285.) No proof of any defense having been given upon the trial, the defendants, upon this appeal, must stand solely upon their offer of proof. But the defendants' offer was properly overruled. The rule is that if an offer of proof contains any matter not properly provable the whole may be rejected. (*Hosley* v. *Black*, 28 N. Y. 438; *Harger* v. *Edmonds*, 4 Barb. 256; *Stevens* v. *Rhinelander*, 5 Robt. 285; *F. N. Bank* v. *Wood*, 71 N. Y. 405; *McKyring* v. *Bull*, 16 N. Y. 297; *Morrell* v. *I. F. Ins. Co.*, 33 N. Y. 443; *Beaman* v. *Lyon*, 27 Wkly. Dig. 168; *Daniels* v. *Patterson*, 3 N. Y. 47; *Keller* v. *N. Y. C. R. R. Co.*, 24 How. Pr. 185.) The agreement which it was sought to change and modify by the evidence offered was one for the sale of an interest in land within the provision of the Statute of Frauds. (2 R. S. [Edm. ed.] 139, § 8; *Green* v. *Armstrong*, 1 Den. 550; *McGregor* v. *Brown*, 10 N. Y. 114; *Blood* v. *Goodrich*, 9 Wend. 67; *Hasbrouck* v. *Tappan*, 15 Johns. 200; *Marshall* v. *Lynn*, 6 M. & W. 109; *Stowell* v. *Robinson*, 3 Bingh. [N. C.] 425; *Hickman* v. *Haynes*, L. R. [10 C. P.] 604; *Ladd* v. *King*, 1 R. I. 224; 1 Chitty on Cont. [11th ed.] 155; Benjamin on Sales [ed. of 1888], 174; *Holcomb* v. *Munson*, 4 N. Y. S. R. 255; *Proctor* v. *Thompson*, 13 Abb. [N. C.] 343; *Swain* v. *Seamans*, 9 Wall. 254; *Emerson* v. *Slater*, 22 U. S. 42; *Harvey* v. *Graham*, 5 Ad. & El. 529; *Gross* v. *Nugent*, 5 Barn. & Ald. 34; *Eyers* v. *R. I. Co.*, L. R. [8 Exch.] 315; *Shapley* v. *Abbott*, 42 N. Y. 447.) A contract under seal cannot be changed or modified before breach by an oral agreement without consideration. (*Eddy* v. *Graves*, 23 Wend. 81; *Dodge* v. *Crandall*, 30 N. Y. 306, 307; *McKenzie* v. *Harrison*, 120 N. Y. 263.) The ruling of the court upon the defendants' offer cannot be impeached upon the ground that the offer was to prove an estoppel. An estoppel can only be based upon the assertion or admission by one party of the existence of a fact, upon which assertion or admission the other party relied and acted. (*Dezell* v. *Odell*, 3 Hill, 216; *Plumb* v. *C. M. Ins. Co.*, 18 N. Y. 395; *Shapley* v. *Abbott*, 42 N. Y. 447;

*White* v. *Ashton*, 51 N. Y. 285 ; *Griswold* v. *Haven*, 25 N.
Y. 608 ; *Springstein* v. *Powers*, 3 Robt. 485.)   The doctrine
of waiver has no applicability to the case.   (*Shapley* v. *Abbott*,
42 N. Y. 451.)

ANDREWS, Ch. J.   It was assumed by both parties on the
argument that under the case of *Green* v. *Armstrong* (1 Den.
550) the contract of April 1, 1885, for the sale by the plaintiff
to the defendants of the bark on the hemlock trees on the
" Harris " lot, to be peeled by the purchaser, was a contract
for the sale of an interest in lands required by the Statute of
Frauds to be in writing.   We shall determine the case upon
this assumption without examination of its correctness.   (See
*Nettleton* v. *Sikes*, 8 Met. 34.)   The contract was in fact in
writing, and its validity is not questioned.   The stress of the
argument at the bar related to the competency of the evidence
offered by the defendants to prove the oral modification of the
original contract, made in the fall of 1885, by which the plain-
tiff, on the request of the defendants, consented on the con-
dition that it was made satisfactory to Wakeley, the contractor
with the plaintiff to do the lumbering on the lot, to reduce the
amount of bark to be peeled by the defendants during each
of the years subsequent to 1885 to 500 cords per year.   The
plaintiff's counsel, in support of his objection to the com-
petency of the evidence (which was ruled in his favor by the
trial judge), relies upon the general principle that a written
contract, falling within the Statute of Frauds, cannot be varied
by any subsequent agreement of the parties unless such new
agreement is also in writing.   The further objection that a
sealed contract, irrespective of its character, cannot be changed
by a subsequent parol executory agreement under the maxim
*quodque dissolvitur eodem ligamine quo ligatur*, and the
objection that the consent of the plaintiff to reduce the quan-
tity of the bark to be peeled in each year was conditional, will
be referred to after considering the objection founded upon
the Statute of Frauds.

In disposing of this objection it is important to notice that

the controversy in the present action relates solely to the performance of the contract of April 1, 1885, as respects the year 1886. By that contract the defendants were to peel in that year not less than 1,000 cords. In fact they peeled only 500 cords, and they allege as an excuse for not peeling the full 1,000 cords in that year, the oral agreement made in the fall of 1885. The effect of the oral agreement if made and valid as a contract was to change the terms of the original written agreement as to the time and manner of performance. It did not diminish the aggregate amount of bark to be peeled and taken by the defendants, but it extended the time within which it was to be peeled and taken to double the time fixed by the original contract and as a necessary incident extended the right of entry for the same period, and meanwhile during such extended period, by natural growth of the trees, bark might be brought within the sale, which otherwise would not come within the contract. If we were now required to decide the question whether a contract in writing within the Statute of Frauds can be altered as to the time of performance by a subsequent oral executory agreement made between the parties upon sufficient consideration, we should find the question under the authorities involved in distressing perplexity. It is now the settled doctrine of the English courts, contrary to the earlier rule declared in *Cuff* v. *Penn* (1 M. & S. 21), that such a contract cannot be changed as to the mode or time of performance by an oral executory contract. (*Stead* v. *Dawber*, 10 Ad. & El. 57; *Hickman* v. *Haynes*, L. R., 10 C. P. 598.) In many of the states in this country the courts have adopted the rule laid down by Lord Ellenborough, in *Cuff* v. *Penn* (*supra*), and have held such proof admissible on the distinction between the contract which it was said the statute requires to be in writing and its performance, to which the statute does not apply. This is the rule in Massachusetts, New Hampshire, Maine, Ohio and Pennsylvania, and, perhaps, other states. The cases are referred to in a note in Wood on Frauds (p. 758). In this state the rule does not seem to be authoritatively settled. In *Blood* v. *Goodrich* (9 Wend. 68),

Ch. J. Savage expressed the opinion that the time of performance of a written contract for the sale of land could not be enlarged by parol, but the case was decided on another ground. There are dicta in this court and some decisions in other courts of the state to the contrary. (*Blanchard* v. *Trim*, 38 N. Y. 225; *Flynn* v. *McKeon*, 6 Duer, 203; *Stone* v. *Sprague*, 20 Barb. 509.) But we deem it unnecessary to determine this important question here, for the reason that, without disputing the doctrine contended for by the learned counsel for the plaintiff, that the oral agreement sought to be proved was inadmissible to change the terms of the written contract, it was competent to establish, in connection with other facts offered to be shown, a waiver by the plaintiff of the requirements of the original contract that the defendants should peel 1,000 cords of bark in 1886, which had been acted upon and become executed by the lapse of time before the commencement of the action. We know of no principle of law which will permit a party to a contract, who is entitled to demand the performance by the other party of some act within a specified time and who has consented to the postponement of the performance to a time subsequent to that fixed by the contract, and where the other party has acted upon such consent and in reliance thereon has permitted the contract time to pass without performance, to subsequently recall such consent and treat the non-performance within the original time as a breach of the contract. The original contract is not changed by such waiver, but it stands as an answer to the other party who seeks to recover damages for non-performance induced by an unrecalled consent. The party may, in the absence of a valid and binding agreement to extend the time, revoke his consent so far as it has not been acted upon, but it would be most inequitable to hold that a default, justified by the consent, happening during its extension, should furnish a ground of action. It makes no difference, as we conceive, what the character of the original contract may be, whether one within or outside the Statute of Frauds. The rule is well understood that if there is forbearance at the

52

request of a party, the latter is precluded from insisting upon non-performance at the time originally fixed by the contract as a ground of action. The case is not as manifest where the party who solicited the forbearance alleges the consent of the other party as an excuse for non-performance. But in such a case, where one party to a contract, before the time for performance by the other party has arrived, consents, upon his request, to extend the time of performance, he must be presumed to know that the other party relies upon the consent, and until he gives notice of withdrawal he has no just right to consider the latter in default, although meanwhile the contract time has elapsed. We think the principle of equitable estoppel applies in such case. (See *Pierrepont* v. *Barnard*, 6 N. Y. 279 ; *Hoadly* v. *M'Laine*, 10 Bing. 482 ; *Leather Co.* v. *Hieronimous*, L. R., 10 Q. B. 140 ; *Longfellow* v. *Moore*, 102 Ill. 289.) The proof offered by the defendants, if it had been received, would have permitted the inference that the omission of the defendants to peel more than 500 cords of bark in the year 1886 was owing to the oral arrangement unrevoked, which, if it did not amount to an enforceable contract, operated nevertheless to excuse the alleged breach.

The objection that a sealed contract can only be changed by a contract of equal solemnity according to the principle of the common law to which we have adverted (assuming that the principle has any longer any practical existence, see *McCreery* v. *Day*, 119 N. Y. 1), is answered by what has been said on the subject of waiver which applies equally to sealed and unsealed contracts. The objection that the modified agreement was conditional is met by the offer which by fair construction included an offer to prove that the proposed limitation of the amount of bark to be peeled was made satisfactory to Wakeley. The learned counsel for the plaintiff criticizes the offer of proof as indefinite and as not in some respects conforming to the defense in the answer. The plaintiff is not in a position to insist upon great exactness in these respects in view of the character of his own pleading and the ground upon which the recovery proceeded. We think the offer fairly disclosed the substantial

matter of defense, and although it treated the modified agreement as a binding contract, the proof offered, though it may have been ineffectual to accomplish that result, would we think upon the case as disclosed by the record, if received, have authorized the inference of a waiver completely executed.

The judgment should be reversed and a new trial granted.

All concur.

Judgment reversed. ⸺⸺⸺⸺⸺