(33 Misc. Rep. 433.)

## GOLDMAN v. EHRENREICH.

(Supreme Court, Special Term, Oneida County. December, 1900.)

1. CONTRACTS—POSTPONEMENT OF PAYMENT.
     Where a debtor offered to pay an installment due, but was told by the creditor that he did not want the money, and that the payment might be deferred for a year, and the debtor, acting on this proposition, did not pay the installment, but used the money for other purposes, such conduct amounted to an agreement to postpone the payment for a year.

2. SAME—CONSIDERATION.
     The desire of the creditor to have his money remain invested was sufficient consideration for the agreement.

8. SAME—ESTOPPEL—DEMAND.
     Conceding that there was no consideration, the creditor was estopped to afterwards insist on payment before the year was expired, without a demand; and this whether the original contract was sealed or unsealed, within or outside the statute of frauds.

4. ASSIGNMENT—NOTICE OF EQUITIES.
     An assignee of a bond, on which are past-due installments unpaid, takes with notice of an agreement between the original parties that payment of the installments should be postponed for a definite period.

Foreclosure by Charles Goldman against Annie Ehrenreich, impleaded, etc. Complaint dismissed.

S. J. Barrows and Theodore Avery, for plaintiff.
S. M. Lindsley, for defendant.

HISCOCK, J. The plaintiff has become the owner and holder, by assignment, of a bond and mortgage, on or about August 25, 1891, executed by Sarah Goldman, his wife, to one Hodges; and the defendant has not only become the owner and holder of the premises covered by said mortgage, but, by agreement contained in the conveyance to her, has become personally liable for the payment of said mortgage and the bond accompanying the same. Originally the bond and mortgage were conditioned for the payment of $1,800, in semiannual payments of $200 each, with interest at 6 per cent.; but after this principal amount had been paid down to $1,400, and on or about March 28, 1898, an agreement was duly made whereby, in substance, it was provided that, of the balance upon said bond and mortgage, $150 and interest should be paid each year for four years,

and the balance in five years, from the date of said agreement. The installments of $150 each, which, under the terms of this agreement, became due on March 28, 1899, and March 28, 1900, respectively, have not been paid, although the interest due has been fully paid. The plaintiff herein brings this action of foreclosure, claiming that there has been default as to these two payments of $150 each, and that under the terms of the bond and mortgage he is entitled to elect, as he does, to have the entire amount unpaid become due. Defendant claims that she is not in default as to said payments of principal, and that this action cannot be maintained, by reason of certain things which took place between her, acting through her husband as agent, and one Hodges, executor of said mortgagee, at the times when said installments of principal, under the terms of said contract of extension, became due. It appears, in substance and effect, that her husband, in 1899, went to Hodges, the holder of the bond and mortgage, with the money with which to pay the interest and installment of principal then due thereon, and that Hodges told him that he did not want the money, and that he need not pay any installment of principal, but that that might be deferred for a year. In March, 1900, the husband again went to said Hodges, prepared to pay the interest and installment of principal due at that time and the preceding year, and again was told that the payment of principal might be postponed for a year. Relying upon this proposition and request, which came from the mortgagee, rather than from the mortgagor, the defendant, through her husband, paid the interest, but no principal, upon either of said occasions, using the money for other purposes. This evidence is not only not contradicted by the former mortgagee's executor, but he, in substance, corroborates it, and makes it clear that he preferred not to have the principal paid, but to have it remain out upon the bond and mortgage, as an investment. I have no doubt that this proposition and conduct of the holder of the bond and mortgage, acted upon as it was by the defendant, would constitute a defense as against said executor. The parties, by their words and conduct, made a mutual agreement. The holder of the bond, in substance, agreed that the installments of principal might remain unpaid each time for another year. The defendant, by her conduct in paying the interest and not the principal, in pursuance to this suggestion, in effect agreed that she would postpone the payment of principal for a year, as suggested. The question arises, which has been argued in behalf of the plaintiff herein, whether such agreement upon the part of the holder of the bond and mortgage had any consideration to support it. It has recently been held that the desire to procure an investment for money is a sufficient consideration for an agreement to postpone the payment of money due on a security, and there seems to be sound reason for such decision. Olmstead v. Latimer, 9 App. Div. 163, 41 N. Y. Supp. 44. But, even if this were not so, there is still another theory upon which the transactions referred to would prevent the prosecution of this action. The holder of the bond and mortgage said, in effect, to the defendant, who came there prepared to pay these installments, that she need not pay them for a year.

Relying upon that agreement, she went away, and did not pay them. No demand was ever made before the commencement of this action by Hodges or by this plaintiff, or any other assignee of said bond and mortgage, for payment of said installments, and this action was commenced without any demand whatever. It is well settled that where one party to a contract, before or when the time of performance by the other party has arrived, consents to extend the time of performance, he must be presumed to know that the other party relies upon the consent, and until he gives notice of withdrawal he has no just right to consider the latter in default, although meanwhile the contract time has elapsed. Thomson v. Poor, 147 N. Y. 402, 42 N. E. 13; De Groot v. McCotter, 19 N. J. Eq. 531; Bell v. Romaine, 30 N. J. Eq. 24; Jones, Mortg. (5th Ed.) § 1179. It would be inequitable in the extreme if a mortgagee might voluntarily request the mortgagor to postpone payment upon a mortgage when he came prepared to make the same, and might then, after the latter had gone away, relying upon such request, bring an action for foreclosure of the mortgage, without any demand or withdrawal of his consent to a postponement. This latter defense is independent of the question where a contract under seal may be modified by a parol agreement. It rests upon the principle of equitable estoppel, and it is immaterial whether the original contract is sealed or unsealed, within or outside of the statute of frauds. Thomson v. Poor, supra. The defenses in question are as applicable to the plaintiff, as assignee of the mortgage, as they would have been to the original holder of the bond and mortgage, who made the arrangements in question. His action is based upon the two installments of principal alleged to have become due in March, 1899, and March, 1900. He did not take his assignment of the bond and mortgage in question until some time in April, and therefore after these installments were past due. Under the circumstances, he took the bond and mortgage subject to all the equities which existed between his assignor and defendant. Owen v. Evans, 134 N. Y. 514, 31 N. E. 999. In addition to that, it appears in this case that plaintiff had express notice of the arrangement which had been made by defendant with Hodges while holding the bond and mortgage. In accordance with these views, judgment is directed in favor of the defendant, dismissing the complaint, with costs.

Complaint dismissed, with costs.