(61 App. Div. 23.)

ROSCHE v. KOSMOWSKI et al.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1. MORTGAGES—EXTENSION OF TIME—ESTOPPEL—FORECLOSURE.
      Where the mortgagee wrote to a stranger that it would be satisfactory if the payment of an installment of the mortgage debt then overdue was made on a certain future date, and there was no evidence that such stranger was acting for or connected with the mortgagor, or that the mortgagor knew of such letter, an assignee of the mortgagee was not es-

topped from commencing an action to foreclose the mortgage before the date so mentioned.

2. SAME—INSTALLMENTS—TENDER—SUFFICIENCY.

Where a mortgage contained a clause that the whole principal sum should become due, at the option of the mortgagee, on default in the payment of any installment, and on default in the payment of an installment an action had been commenced to foreclose, in which the mortgagee had elected to declare the whole principal due, the mortgagor was not entitled to have the action discontinued on tender of the amount of the overdue installment, the interest and taxable costs to that time, since the mortgagee was under no legal obligation to accept such tender.

Appeal from special term, Erie county.

Action by Henry J. Rosche against Jan Kosmowski and others. From a judgment dismissing the complaint on the merits after trial at special term, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Fred D. Corey, for appellant.

George N. Frazine, for respondents.

SPRING, J.    This action was commenced to foreclose a mortgage made by the defendant Kosmowski to the Bank of Niagara, and by it assigned to the plaintiff September 6, 1900. By the terms of the mortgage, $100 of the principal sum became due March 21, 1900. The interest was paid to that date, but nothing was paid on the principal. The respondents contend that the time of payment was extended by a letter which was written by the bank to one Voght, and which reads as follows:

Bank of Niagara.

Henry C. Howard, President.    Edward J. Mackennan, Vice President.
George J. Howard, Cashier.

Niagara Falls, N. Y., August 8th, 1900.

H. H. Voght, Esq., Buffalo, N. Y.—Dear Sir: Replying to your letter of the 7th inst., would say it will be satisfactory to this bank if the payment of $100.00 due on Kosmowski mortgage is made September 21st.

Yours, truly,                              E. J. Mackennan, Vice President.

The letter of Voght referred to is not in the record, and the proof is silent as to Voght's connection with the transaction. It does not appear that he was acting as the agent of any of the defendants, or that any agreement or arrangement was made with the mortgagor, or any one representing him, to extend the time of payment. Voght may have been a mere volunteer. In any event, before any extension can be established the proof must show some mutual agreement between the parties, or a waiver of payment, or some consideration supporting an extension, or some act inuring to the benefit of the mortgagor, by which the mortgagee is estopped from insisting upon payment before the extended time expires. Not one of these essentials is contained in the case. The mortgage contains the usual clause that the whole principal sum shall become due, at the option of the mortgagee, "after default in the payment of any installment of principal or interest, or any part thereof, for thirty days," and the further preceding general clause that the whole prin-

cipal "shall become due after default in the payment of any install-
ment of principal or interest   *   *   *   as hereinafter provided."
In its assignment the bank covenants that the entire principal sum,
with interest thereon from March 21, 1900, is due; and the plain-
tiff, in his complaint and upon the trial, elected so to treat the whole
sum. After the action was commenced the defendant tendered to
the plaintiff the payment of $100, the interest and the taxable costs
to that time, and demanded the discontinuance of the action. How-
ever selfish the plaintiff may have been in refusing to accept this
tender, there was no legal obligation upon him to do so. His right
to avail himself of the option had then become effective. It was a
valuable right, and, when once operative, could not be made nugatory
by the effort of the mortgagor to compel him to accept payment in
part. Wilts. Mortg. Forec. par. 44; Malcolm v. Allen, 49 N. Y. 448.
The respondent's counsel relies upon the doctrine of estoppel; citing
Veerhoff v. Miller, 30 App. Div. 355, 51 N. Y. Supp. 1048, and Gold-
man v. Ehrenreich, 33 Misc. Rep. 433, 68 N. Y. Supp. 424, in support
of his contention. It may well be that, where the creditor has in-
duced the debtor to defer a due payment until a certain date, the
creditor cannot enforce payment until the stipulated period arrives,
if the situation of the parties remains unchanged. That rule is
founded in good sense, but here, as already suggested, there is noth-
ing to indicate that Kosmowski believed there was any extension
of time. Before he can assert the principle of estoppel, he must
have known of or been a party to the extension, and relied upon it.
If Voght were interested, the principle might be put forward in his
behalf. In Goldman v. Ehrenreich, 33 Misc. Rep. 433, 68 N. Y. Supp.
424, supra, the mortgagee did not wish the money which the mort-
gagor had ready to pay; and the latter used it himself, upon the
statement that no payment need be made until the next pay day
arrived. The mortgagor relied upon this promise, and when fore-
closure was commenced, without any demand, or any notice of with-
drawal of the creditor's promise, it was held the action would not
lie for the nonpayment. Equity required that this conduct of the
mortgagee be condemned. In Veerhoff v. Miller, 30 App. Div. 355,
supra, the promises were also mutual, and it was held that "parting
with value" was not necessary "in order to constitute a considera-
tion"; that the agreement by which the party relying upon it was
misled is all-sufficient. All of which might be significant in this
case if Voght stood for the mortgagor.

The judgment should be reversed, and a new trial ordered, with
costs to the appellant to abide the event. So ordered. All concur.