WEYAND et al. v. PARK TERRACE CO. et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. INTEREST (§ 37*)—RATE—AFTER DEFAULT.
Upon the mortgagee's election under the mortgage that the principal should become due upon the mortgagor's default in payment of interest, interest was thereafter to be determined at the legal rate as for damages for breach of contract.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 77; Dec. Dig. § 37.*]

2. REFERENCE (§ 102*)—CONFIRMATION OF REPORT—NECESSITY.
The report of a referee appointed to compute the amount due must be submitted to the court for confirmation.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 181½; Dec. Dig. § 102.*]

3. MORTGAGES (§ 302*)—DISCHARGE—TENDER OF PAYMENT—TIME OF TENDER.
The mortgagor was not bound to accept a tender on the mortgage debt, made after foreclosure proceedings were begun upon default.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 882, 886; Dec. Dig. § 302.*]

4. COSTS (§ 199*)—DISCRETION OF COURT—TIME FOR ALLOWANCE—ALLOWANCE IN INTERLOCUTORY DECREE.
The matter of allowances was wholly within the trial court's discretion when it entered the final judgment in mortgage foreclosure proceedings, and it could then allow costs, etc., though they were not included in the interlocutory judgment.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 762; Dec. Dig. § 199.*]

Appeal from Special Term, Queens County.

Action by Henry Weyand and another against the Park Terrace Company, impleaded with others. From a judgment for plaintiffs, and from an interlocutory judgment and order of reference, and from an order granting an additional allowance, the defendant named appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and MILLER, JJ.

Emil Schneeloch, for appellant.
Frederick S. Jackson, for respondents.

JENKS, J. This appeal is by a defendant in an action to foreclose a mortgage upon real estate. The referee to compute allowed interest at the rate of 5½ per centum per annum until September 26, 1907, and interest thereafter at the rate of 6 per centum per annum. The appellant contends that, as the rate named in the obligation was 5½ per cent., the allowance of interest at 6 per cent. was erroneous. It was expressly agreed in the obligation that the whole of the principal sum should become due after default in the payment of interest, taxes, or assessments. There was default in the payment of interest whereupon the plaintiffs elected on September 25, 1907, that the principal sum should become due and payable immediately. This was their right. Noyes v. Clark, 7 Paige, 179, 32 Am. Dec. 620; Valentine v. Van

Wagner, 37 Barb. 60; Noyes v. Anderson, 124 N. Y. at page 180, 26 N. E. 316, 21 Am. St. Rep. 657; Bennett v. Stevenson, 53 N. Y. 508; Thomas on Mortgages (2d Ed.) § 228. Thereafter interest was to be cast by way of damages for breach of the contract, and hence at the legal rate. If the obligation had been to pay interest until the principal sum was paid, then the rate determined in the obligation must have obtained until the contract was merged in the judgment. O'Brien v. Young, 95 N. Y. 428, 47 Am. Rep. 64; Sanders v. L. S. & M. S. Ry. Co., 94 N. Y. 641; Hamilton v. Van Rensselaer, 43 N. Y. 244; Ferris v. Hard, 135 N. Y. 354, 32 N. E. 129.

It is contended that such computation was not within the power of the referee. His duty was to compute the amount due which, of course, included any certain interest. This contention involves the proposition that either he could not compute any interest or that he must compute the wrong interest. The referee was appointed to inform the court, and his report must have been submitted to it for confirmation. Swarthout v. Curtis, 4 N. Y. 415. The court thereupon had full control of the question (Austin v. Ahearne, 61 N. Y. 6), and, indeed, the appellant asked it to consider it de novo. When the court confirmed the report, it became the judgment of the court.

The defendant was credited with $605 paid into court. But it also insists that it is entitled to a further credit, also of $605, in consequence of a tender. But that tender was attempted to be made after this action had been begun, and hence the plaintiff was not required to accept it. Rosche v. Kosmowski, 61 App. Div. 23, 70 N. Y. Supp. 216; Malcolm v. Allen, 49 N. Y. 448.

It is further contended that the plaintiffs are not entitled to costs or allowance, in that no costs were included in the "interlocutory judgment" of March 13, 1909. The matter of costs and allowances was wholly within the power of the Special Term when it entered the final judgment of June 5, 1909, and whether it gave costs and an allowance in supposed constraint to the said "interlocutory judgment," or in the exercise of its discretion, we think that its action was right in all respects.

The judgments and the order are affirmed, with costs. All concur.