ABRAHAM KERZNER, RESPONDENT, v. JACOB CHANIN, APPELLANT.

Submitted July 6, 1922—Decided November 9, 1922.

Contracts coming within the express provisions of the statute of frauds are excepted from the rule allowing merely written contracts to be varied by subsequent oral agreement between the parties.

---

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the respondent, *George J. Stillman.*

For the appellant, *Atwood C. Wolf.*

The opinion of the court was delivered by

SWAYZE, J.   On March 29th, 1920, Chanin agreed in writing, under seal, to convey to Kerzner land in Jersey City for $8,650, of which $400 was paid down, and the balance was to be paid by Kerzner assuming two mortgages for $3,000 each (one of which was past due and one of which had a year to run), and by paying the balance, $2,250, in cash.   The title was to be closed on the 1st of June.   The purchaser was not prepared to close the title at that time. The present amended complaint was filed after several had been stricken out.   It sets forth the contract and avers that the defendant had not performed the conditions precedent on June 1st, and that the plaintiff was able and willing to accept the deed and comply with his part of the agreement on or before June 1st; that the defendant failed to perform, and that the plaintiff, after waiting a reasonable time for the defendant, notified defendant that he was able and willing to perform on July 20th and accept the deed and pay the balance of the purchase-money.   This amended complaint, on which the cause went to issue and was tried, varies in a most extraordinary way both from the original complaint and from the evidence produced at the trial.   In the original complaint it was averred that after making the written contract the plaintiff, at the request of the defendant, agreed orally to change the terms of the written contract as to the payments.   Instead of taking the premises subject to mortgage, the purchaser, it was averred, was to obtain a building and loan mortgage for $5,000 and to give a second mortgage to the defendant for $1,000, and to pay the defendant the difference in cash.   It further avers that the terms of the written contract were changed by the substituted oral agreement between the plaintiff and defendant, changing the terms of payment and provision for the assumption of the mortgages.   This original complaint stated essentially the case proved at the trial, except in attributing the changes to the request of defendant.   Evidently the object of the last amended complaint was to state a case

which would allow the plaintiff to get to issue, regardless of whether he could prove the averments of his complaint.

The learned trial judge naturally enough misapprehended the situation. He said: "To sum it up, for the plaintiff to have a verdict in this case these two things must be shown and satisfied to you by the greater weight of evidence—*first*, that there was an agreement, express or implied, that the date of closing of June 1st was set aside or abrogated and with another date—postponed date to the future—or a date unfixed left for the closing of the title; and. the *second* thing that the plaintiff must make out by the greater weight of the evidence, if you find in favor of the plaintiff on that first one, is, under all of the circumstances as they are before- you, was the notice which the defendant gave to the plaintiff and which matured under its terms on June 30th, such a notice as gave to the plaintiff a reasonable time in which to have completed the taking of his title. If those two things have been made out, gentlemen, and by the greater weight of the evidence, then the plaintiff is entitled to your verdict."

The learned. judge treated the case as if the contract were an ordinary contract in writing, disregarding the fact that it was a contract which is required by the Statute of Frauds to be in writing, or have some memorandum or note thereof in writing. He relied upon the language of the New York Court of Appeals in *Thomson* v. *Poor*, 147 *N. Y.* 402, as quoted in *Nissel* v. *Swinley*, 76 *N. J. L.* 288, thus failing to distinguish a case where before the time for performance is extended before it has arrived. The present case is very different. It counts (as the original complaint averred) on a *substituted oral* contract, substituted because both parties either agreed to abrogate, or, as the plaintiff says, to change material particulars affecting the time of payment and the security to be given; oral because no part of it was in writing except the original contract. The case of contracts coming within the statute of frauds is expressly excepted by *Willis. Cont.* §§ 598, 1828, from the rule allowing merely written contracts to be varied by subsequent oral agreements. The complaint on which issue was joined was not sustained

by the evidence. The contract, proved even on the plaintiff's own showing, did not comply with the statute of frauds.

There was a motion for nonsuit and to direct a verdict duly excepted to, and there was an exception to the charge adequate to raise this point. The judgment must be reversed to the end that a *venire* may issue for a new trial.