# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK

---

CHARLES ALBERT COMPANY, INC., Respondent, *v.* NEWTOWN CREEK REALTY CORPORATION, Appellant. (Appeal No. 1.)

Second Department, November 21, 1924.

**Vendor and purchaser — action to reform contract — property sold at auction subject to approval of French government — plaintiff was assured prior to sale that approval would be obtained or waived — contract containing same provision was signed after assurance by defendant that approval would be obtained or waived — said provision will not be stricken out though representations were fraudulent — no mutual mistake.**

A contract for the sale of real property will not be reformed at the instance of the purchaser, so as to strike therefrom a provision that the sale was subject to the approval of the French government, on the ground that the defendant fraudulently represented to the plaintiff that the approval would be obtained or the condition waived, and that the contract was signed later under the same representations, for there was no mutual mistake of fact as to the terms of the contract, and the mere fact that the representations made by the defendant were fraudulent does not give the purchaser a right to have the contract reformed.

APPEAL by the defendant, Newtown Creek Realty Corporation, from so much of an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 9th day of August, 1924, as denies the defendant's motion made under rule 106 of the Rules of Civil Practice, within twenty days after the service of the complaint but after the service of an answer, for judgment dismissing the first cause of action on the ground that it appears upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action.

**2**  ALBERT CO., INC., *v.* NEWTOWN CREEK REALTY CORP.  No. 1.

Second Department, November, 1924.                    [Vol. 211

*Joseph M. Hartfield* [*Ernest G. Fifield* with him on the brief], for the appellant.

*Thomas I. Sheridan* [*Samuel I. Hartman* and *Charles A. Winter* with him on the brief], for the respondent.

YOUNG, J.:

The first cause of action in the complaint is for the reformation of a contract for the sale of certain real property in Brooklyn, shown on a map of French government property in Greenpoint. The complaint alleges the making of a contract whereby plaintiff agreed to buy and defendant agreed to sell the premises for $703,000, of which plaintiff paid ten per cent, or $70,300.

This purchase was made at an auction sale at the Real Estate Exchange rooms in New York city, and the terms of sale provided that the proposed sale was to be subject to the approval of the French government within six days. It is alleged that prior to putting up the property for sale the auctioneer publicly announced that it would be an unreserved auction sale and the highest bidder would become entitled to the property; that prior to the bidding, plaintiff was assured by defendant that the written approval of the French government would be furnished the plaintiff if it became the highest bidder, and that said provision in the terms of the sale was merely a formality and would be waived; that upon this assurance, which plaintiff believed and upon which it relied, plaintiff bid upon the property and became the highest bidder and it was knocked down to it; that a written contract of sale was then and there presented to plaintiff for signature, which, notwithstanding the previous assurances and representations, contained the clause requiring the approval of the French government; that plaintiff objected thereto and reminded defendant of its previous assurances, representations and agreement, whereupon defendant agreed with plaintiff that in consideration of the plaintiff's giving its formal signature to said contract and paying the stipulated ten per cent of the purchase price and other fees, none of which plaintiff was then obligated to do, the written approval of the French government would be obtained by defendant and furnished to plaintiff, or that defendant would procure the same to be waived, and also represented and agreed that such approval was not of the essence of the sale. In consideration of this and relying thereupon, plaintiff paid ten per cent and the required fees and signed the contract.

The complaint then alleges that the six days have expired and that defendant fraudulently failed and refused to obtain the approval of the French government and caused that government to arbitrarily and fraudulently refuse to give its approval of the sale and

that defendant on June 16, 1924, notified plaintiff that it and said French government refused such approval, which notification and refusal were in bad faith and fraudulent; that defendant repudiated the sale, claiming to be entitled to do so under the provision in the contract above set forth, which refusal was contrary to its representa- tions and agreement and so wrongful and fraudulent; that plaintiff was ready, willing and able to pay the balance of the purchase price and close title, and so notified defendant and is now able and willing to complete this purchase and has tendered the said balance of the purchase price and tenders the same in the complaint and will keep such tender good, but that defendant has threatened to dispose of the premises if it can secure a higher price than plaintiff bid, and that plaintiff has no adequate remedy at law.

The complaint contained a second cause of action which was also the subject of a motion by defendant and is involved in another appeal decided herewith. (See *Albert Co., Inc.,* v. *Newtown Creek Realty Corp., No. 2,* 211 App. Div. 4.) The complaint, among other things, asks the reformation of the contract by striking out the clause requiring the approval of the French government within six days, and that defendant be required to specifically perform the contract as so reformed upon receiving the balance of the purchase price. It also asks an injunction and a receiver and $1,000,000 damages.

Defendant moved upon the complaint, among other things, to dismiss the first cause of action under rule 106 of the Rules of Civil Practice upon the ground that it did not state facts sufficient to constitute a cause of action, which motion was denied and an order thereupon entered, and from the portion which denies such motion defendant has appealed to this court.

I do not see how plaintiff can obtain the relief asked for in the first cause of action. We must assume, of course, that the repre- sentations and assurances as to the effect of the clause in question were made by the defendant and believed and relied upon by the plaintiff when the contract was executed. They were, therefore, I think, fraudulently made with the intent and for the purpose of effect- ing a fictitious auction sale, so that if plaintiff's bid was the highest price which could be obtained for the property upon offering it to other purchasers, plaintiff might be held to its contract, but other- wise that defendant might repudiate it by taking advantage of the conditional clause in question. I do not see, however, that there was any mistake on the part of plaintiff as to the provisions of this contract. While an action for damages might perhaps lie against defendant for plaintiff's damages, if any, it cannot claim to reform the contract on the ground of mistake, simply because it believed

and relied upon defendant's representations and agreement that the clause was purely formal, and that the approval would be obtained or waived. Plaintiff knew that the clause in question was in the contract which it signed, and it well knew what the effect of the clause was. It cannot, therefore, in my opinion, under the authorities, claim to reform the contract by striking out that clause on the ground of mistake on its part and fraud on the part of the defendant.

The rule is expressed by the Court of Appeals in *Metzger* v. *Ætna Ins. Co.* (227 N. Y. 411, 417), as follows: " While in equity a rescission of a contract may be adjudged on the ground of a unilateral mistake in its contents, in order that a reformation may be adjudged, there must be mutual mistake or inadvertence or the excusable mistake of one party and fraud of the other." (See, also, *Curtis* v. *Albee*, 167 N. Y. 360; *Whittemore* v. *Farrington*, 76 id. 452; *Wilson* v. *Deen*, 74 id. 531.)

The order should be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., RICH, KELBY and KAPPER, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.