CHARLES ALBERT COMPANY, INC., Appellant, *v.* NEWTOWN CREEK REALTY CORPORATION, Respondent. (Appeal No. 2.)

Second Department, November 21, 1924.

Statute of Frauds — contract for sale of land subject to approval of French government — subsequent oral agreement to eliminate provision as to approval and to change another provision so as to require payment in full in cash is void.

An oral agreement made after the execution of a written contract for the sale of land to eliminate from the written contract a provision that the sale was subject to the approval of the French government and to change another provision so as to provide that the purchase price should be paid in full in cash is void under the Statute of Frauds (Real Prop. Law, § 259).

APPEAL by the plaintiff, Charles Albert Company, Inc., from so much of an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 9th day of August, 1924, as grants the defendant's motion made under rule 107 of the Rules of Civil Practice, within twenty days after service of complaint but after service of answer, for judgment dismissing the second cause of action on the ground that

the contract alleged in the complaint is unenforcible under the Statute of Frauds.

*Thomas I. Sheridan* [*Samuel I. Hartman* and *Charles A. Winter* with him on the brief], for the appellant.

*Joseph M. Hartfield* [*Ernest G. Fifield* with him on the brief], for the respondent.

YOUNG, J.:

This appeal involves the second cause of action in the same complaint, the first cause of action in which was considered in *Albert Co., Inc.,* v. *Newtown Creek Realty Corp., No. 1* (211 App. Div. 1), decided herewith. The second cause of action realleges the allegations of the first cause of action and then alleges that on June 11, 1924, immediately after the contract was entered into, it was mutually agreed upon good and valuable considerations that such contract should be deemed modified by eliminating and disregarding the clause by which the sale was made subject to the written approval of the French government, the consideration for such modification consisting of the waiver by plaintiff of its privilege contained in the contract to take the premises subject to a mortgage for $492,100, and to pay the entire amount of the purchase price in cash, less the discount provided therefor, which plaintiff promised and agreed to do, whereupon it was declared by defendant that such clause should forthwith be deemed eliminated and disregarded by both parties; that notwithstanding such agreement and modification, the French government notified plaintiff, and defendant confirmed such notification, that such government and the defendant had refused and did refuse to approve the contract of sale, and that defendant has refused to further recognize the same and has wholly repudiated it and has so notified plaintiff. Defendant thereupon moved, upon affidavits, among other things, to dismiss the second cause of action, under rule 107, upon the ground that the contract was within the Statute of Frauds. It appears from the affidavits annexed to the notice of motion that defendant had theretofore made a motion for a bill of particulars, and that in the bill of particulars furnished it was conceded that the said agreement modifying the contract of sale was oral and not written. This fact is also admitted in an affidavit made by plaintiff's president in opposition to defendant's motion to dismiss the complaint.

It is contended by plaintiff that because the Statute of Frauds (Real Prop. Law, § 259) itself contains no provision prohibiting a modification by oral agreement, such oral modification may be made, and cites in support thereof *Blanchard* v. *Trim* (38 N. Y. 225), where it is stated in construing another Statute of Frauds

**6** Albert Co., Inc., *v.* Newtown Creek Realty Corp. No. 2.

Second Department, November, 1924. [Vol. 211

that the statute does not undertake to regulate the performance of the written contract, nor say that it shall not be varied by parol; that that is left to be decided by the general rules of law and evidence. This language, however, was unnecessary to the determination of that case, the question there being whether there was a rescission or a new contract, and it is, therefore, mere dicta. The case of *Roberge* v. *Winne* (144 N. Y. 709), cited by plaintiff, does not support this proposition because in that case there had been part performance of the contract which took it out of the Statute of Frauds.

Plaintiff relies principally, however, upon the decision in a recent case in our Court of Appeals (*Imperator Realty Co.* v. *Tull*, 228 N. Y. 447). In that case there was a contract between the parties for an exchange of real property upon which defendant defaulted and the action was to recover damages. The contract provided that all notices of violations of law or municipal ordinances, etc., issued by any department of the city of New York affecting the premises at the date of the contract should be complied with by the seller and the premises should be conveyed free of the same. After the making of the contract it was agreed by parol that either party in place of satisfying any of these violations might deposit with an insurance company a sufficient amount of cash to pay and discharge them. This the plaintiff did, but the defendant refused to perform on his part. It was held that plaintiff might recover. The opinion of Chase, J., contains this language: "After the execution of a written contract including one within the statute the parties may, of course, reconsider the subject-matter thereof and decide to *modify or rescind it.* The oral agreement found in this case was made after the execution of the written contract. It is not the right to make a new and independent contract * * * that we are considering but the effect, if any, of an oral contract upon a contract under seal or required by the statute to be in writing. We must assume in this case that the oral contract as claimed by the plaintiff, to accept a deposit in cash in place of the payment of outstanding violations, was actually made upon a sufficient consideration. The jury has so found. The oral contract did not purport to be inconsistent with any material part of the written contract, nor to substitute a new oral contract for any material part of the written contract. The plaintiff was simply told in effect to let the violations stand unsatisfied until the due day and then provide for the expense of satisfying the same by a deposit in cash. The extent of the violations was inconsiderable. Both parties were convenienced by waiving the necessity of having them actually canceled and satisfied before the due day." (Pp. 451,

452.)    " The oral contract in the case before us modified the written contract simply as to the manner of charging the plaintiff with the amount required to satisfy the violations." (P. 453.)

In the closing part of this opinion, however, it is said: " The defendant by his mutual oral contract with the plaintiff is estopped from now claiming that the plaintiff who relied thereon was in default on the due day of the written contract because of its omission to then have the property free of the violations.    He should not be allowed to take advantage of an omission induced by his unrevoked consent.    [*Thomson* v. *Poor*, 147 N. Y. 402, 409; *Arnot* v. *Union Salt Co.*, 186 id. 501; *Swain* v. *Seamens*, 76 U. S. (9 Wall.) 254; *Brede* v. *Rosedale Terrace Company*, 216 N. Y. 246.]    Parol evidence of the waiver constituting an estoppel as against the defendant under the circumstances was not error.    (*Penn. Steel Co.* v. *Title Guarantee & Trust Co.*, 193 N. Y. 37.) "

The earlier portion of the opinion above quoted seems to indicate that a written contract may be modified by an oral contract not inconsistent with any material part of the written contract, nor substituting a new oral contract for any material part of the written contract.    Appellant, therefore, claims that under that decision the oral modification in the case at bar related merely to the incident of payment on plaintiff's part, that is, cash instead of a mortgage and the waiver by defendant of the approval clause, all other matters remaining unaffected.    But, assuming that the effect of the decision of the Court of Appeals is that claimed by appellant, the case at bar, in my opinion, does not come within it.    If the oral contract in question involved simply the question of the mode of payment, that decision might apply.    But the oral contract here affected something more.    The written contract of sale was upon condition that it have the written approval of the French government.    The oral agreement destroyed this condition, and made the sale absolute.    This, in my opinion, was clearly " inconsistent " with a " material part of the written contract," and did plainly " substitute a new oral contract " for an absolute sale in place of the " material part of the written contract " for a conditional sale.

In view, however, of the language contained in the closing portion of the opinion of CHASE, J., above quoted, it is by no means clear that it was intended to lay down the general principle contended for by plaintiff, because in that case there was a clear estoppel and the court so held.

In a concurring opinion by CARDOZO, J., numerous authorities are reviewed, and he reached the conclusion that the requirement of the Statute of Frauds that a contract shall be written applies to every part and to every variation thereof, and that, therefore,

there may not be an executory agreement for the sale of land partly written and partly oral, and he concurred in the result upon the ground of estoppel.

There is, of course, no element of estoppel in this case.

I, therefore, advise that the order be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH, KELBY and KAPPER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.