## FRANKE v. BLAIR REALTY CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2007. Decided March 15, 1928.

Judges Crow, Hughes and Justice, of the 3rd Dist., sitting.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

**1105. STATUTE OF FRAUDS—257. Commissions—for sale of real estate—1247. Waiver.**

Where written contract for commission for sale of real estate contains time limit for performance, voluntary waiver, of time of performance, does not change or modify contract.

Error to Common Pleas.

Judgment affirmed.

Holbrook & Banker, Toledo, for Franke.

Smith, Baker, Effler & Eastman, Toledo, for Realty Co.

### STATEMENT OF FACTS.

The action was brought by The Blair Realty Co. to recover a real estate commission, claimed to be due under a certain listing contract. A trial resulted in a verdict and judg-

ment for $3,952.93, and this proceeding in error is prosecuted to reverse that judgment.

It appears that on February 18, 1926, the parties to the controversy here entered into a written contract, by the terms of which The Blair Realty Co. agreed to 'use its efforts to secure a purchaser for the Empire Apartments, within five days from Feb. 18, 1926, for a price of $115,000, payable $25,000 cash, or upon any other price, terms or exchange. acceptable to Charles Franke; and, in the event of a sale, Charles Franke agreed to pay to it "the Toledo Real Estate Board commission."

The Blair Realty Company claims that it has performed the contract, but not within the specified time. However, it maintains that Charles Franke, by his acts and conduct, either voluntarily waived the time of performance, or, for a valuable consideration, orally agreed to waive the provisions respecting the time of performance, and by reason of his declarations and conduct, is estopped from denying the validity of the agreement to waive.

Charles Franke denies that The Blair Realty Co. has performed the contract; denies the waiver and the agreement to waive; and, claims that the action cannot be maintained for the reason that it comes within the inhibition of Section 8621 GC. commonly known as the statute of frauds.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

JUSTICE, J.

Section 8621 GC. so far as pertinent here, reads as follows:

"No action shall be brought whereby to charge the defendant * * * upon an agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, signed by the party to be charged therewith, or some other person thereunto by him * * * lawfully authorized."

Obviously, this statute has no application to the first cause of action. It is based entirely upon the written contract of Feb. 18, 1926. The voluntary waiver of the time of performance did not change or modify the contract. It remained in full force and effect. 80 OS. 42, 49; 104 OS. 427; 42 N. E. 13.

As to the second cause of action. It is not necessary, in disposing of the question here, for us to decide whether it does or does not come under the ban of the statute. The first cause of action was correctly submitted, and, even if the trial court erred in submitting to the jury the second cause of action, still Charles Franke can not be heard to complain, as no interrogatories were submitted to show on what issue the general verdict was based. 24 App. 92; 23 OS. 626; 107 OS. 33.

Holding these views, it follows that the judgment of the trial court should be affirmed.

HUGHES, J., dissenting.

It seems clear to me that the defendant is immune from suit on just such a case as is made here by the plaintiff.

Time was of the essence of the contract between the parties. The plaintiff failed to perform. And to permit it to recover on parol proof of what it claims to have done after its written contract has terminated, is permitting it to charge the defendant on a contract to pay a commission which is not in writing.

For this sole reason, I am unable to concur in the judgment of affirmance.