Esperanza Realty Corporation, Plaintiff, *v.* Loft, Inc., Defendant.

Supreme Court, New York County, June 30, 1928.

Vendor and purchaser — rescission — action to recover down payment — contract gave purchaser right to rescind in event vendor failed to have zone district map changed — change in map was not accomplished until fifteen days after date fixed in contract — position of parties did not change by reason of fact that purchaser vacated premises — doctrine of equitable estoppel does not apply — counterclaim for specific performance stricken out and summary judgment granted.

This is an action to recover the down payment made on a contract for the purchase of real estate, which provided that plaintiff, as purchaser, would be entitled to rescind in the event defendant failed by March 1, 1928, to have the zone district map altered so that the property would be in an unrestricted zone instead of a business zone. The change in the map was not accomplished until March fifteenth. Plaintiff notified defendant it elected to rescind in accordance with the terms of the contract on March second. Defendant sets up a counterclaim of specific performance, predicated on an alleged oral extension of time for the procurement of the change of zone, and alleges a change of position based on the fact that he vacated the premises. Since defendant could not have performed within the time set, because he had not succeeded in having the zone map changed by that time, the so-called oral extension cannot be enforced, for an oral extension of time on a contract required to be

in writing cannot be enforced unless there is proof that the party who claims the benefit of the oral agreement could have performed within the original time set but refrained from doing so in reliance upon the alleged extension. Vacating the premises was not a change of position, for plaintiff would have had to vacate in any event, had he been able to perform within the original or any time set. The doctrine of equitable estoppel does not apply and the counterclaim must be dismissed and summary judgment granted plaintiff.

APPLICATION to strike out certain counterclaim and for summary judgment in an action brought to recover $25,000 down payment on account of a contract for the purchase of certain real estate.

*H. G. Kosch,* for the plaintiff.

*Gilbert & Gilbert [J. E. Malino* of counsel], for the defendant.

PETERS, J. By the terms of the contract the plaintiff purchaser was entitled to rescind in the event that the defendant failed by March 1, 1928, to have the zone district map changed so that the property would be in an unrestricted zone instead of a business zone. This change in the map was not accomplished until March fifteenth. On March second plaintiff notified the defendant that it elected to rescind in accordance with the terms of the contract and thereafter brought this action. Defendant interposes a counterclaim for specific performance based on an alleged oral extension of time for the procurement of the change of zone and alleges a change of position based on the fact that he vacated the premises. Plaintiff contends that under the Statute of Frauds, this alleged *oral* agreement is ineffective. The law to be applied herein is stated in *Davison Coal Co., Inc., v. Weston, Dodson & Co., Inc.* (209 App. Div. 514, 518; affd., 240 N. Y. 705): " An alleged oral extension of time in a contract required to be in writing will not be enforced unless there is evidence that the party who claims the benefit of the oral agreement *could have performed within the original time set,* but refrained from doing so in reliance on the alleged extension. *The basis of permitting proof of oral modifications of contracts required to be in writing under the Statute of Frauds is the doctrine of estoppel.* In *Thomson* v. *Poor* (147 N. Y. 402) the rule is thus announced: ' * * * Where one party to a contract, *before the time for performance by the other party has arrived,* consents, upon his request, to extend the time of performance, he must be presumed to know that the other party relies upon the consent, and until he gives notice of withdrawal he has no just right to consider the latter in default, although meanwhile the contract time has elapsed. We think the principle of equitable estoppel applies in such case.' "

The defendant herein could not have performed within the

original time set, because he had not succeeded in having the zone map changed by that time. He, therefore, shows no change of position by reason of the alleged oral agreement. Vacating the premises was not a change of position for this he would have had to do in any event even if he had been able to perform within the original or any other time set. The doctrine of equitable estoppel cannot, therefore, be applied in this case and the counterclaim does not state a cause of action. For the foregoing reasons, these facts which are stated in the answering affidavits do not present any triable issue considered as a defense although not pleaded as such in the answer. The motion is in all respects granted, with ten dollars costs. Settle order on notice.