Frank A. Gulotta, J.
This is a motion for summary judgment in an action for specific performance of a written contract for the purchase and sale of certain real property. While admitting the execution of the written agreement, the defendant in her answer alleges there was a supplemental oral agreement or modification, made some two months later, that the closing of title was to take place only when defendant was able to find comparable living quarters both in price and size to the house being-sold and that since she has not been able to do so she "may not be compelled to close title.
The terms of the written contract are definite, clear and unequivocal and it provides for title to close at a fixed time and place. It also contains a clause that the agreement may not be changed orally.
Plaintiff has at defendant’s request adjourned the closing date from time to time, and has even gratuitously tried to help her *930 find new living quarters. When he succeeded in finding a place for her, she stated that she had changed her mind, decided to stay in her own house and would not go through with the contract of sale. This action was then instituted.
Aside from the question of consideration, which is totally lacking, under the Statute of Frauds (Real Property Law, § 259), a contract to convey an interest in real property must be in writing, and it may not, as a general rule, be modified by a subsequent oral agreement. This was true by case law, independent of statute (Hill v. Blake, 97 N. Y. 216 ; Albert Co. v. Newtown Cr. Realty Corp., 211 App. Div. 4) and the principle was later confirmed by statute; see section 282 of the Beal Property Law, and section 33-a of the Persona] Property Law, which mandate this effect, provided the original agreement states that it may not be changed orally, as is the case here. The wisdom of this rule is illustrated by the facts of this case, for to allow such testimony would permit the negation or cancellation of a contract, in writing, destroy its stability, and thus open the door to fraud and confusion.
One of the exceptions to the strict enforcement of this rule is found in the doctrine of equitable estoppel, that is, that one of the parties, in reliance upon the subsequent oral arrangement, performed to his detriment, his part of the bargain. However, the acts which he performs must be unequivocally referable to the oral agreement and thus tend to prove the making of the agreement (Burns v. McCormick, 233 N. Y. 230 ; Bright Radio Labs. v. Coastal Commercial Corp., 4 A D 2d 491). In other words, the performance must be such as will point directly to the existence of the oral agreement and be incomprehensible or at least extraordinary, except on the supposition that such an agreement was made.
Defendant seeks to bring herself within that exception by showing not only that she went out looking for other quarters, but that plaintiff also assisted her and therefore this should prove that such an agreement did exist. The fallacy in this, however, is that these acts are equally consistent with the terms of the written contract, which obligated her to vacate the premises and deliver title free and clear of her occupancy and the plaintiff, who is a real estate broker, is not to be penalized because he used his good offices to help defendant find new quarters. Motion granted.' Settle judgment on notice, providing a date for the closing of title.