## John G. Ladd v. Robert King.

Where the plaintiff, by a written agreement, contracted with the defendant to sell him certain lots of land with the cottage then building thereon, said cottage to be finished by the first of July, and the defendant afterwards verbally agreed to extend the time for completing the cottage to the 14th of July. *Held*, in an action upon the contract thus modified, that the written agreement was indivisible, and that parol testimony of an extension of time, although relating exclusively to the completion of the cottage, was inadmissible under the Statute of Frauds.

MOTION for a new trial in an action brought upon the following agreement : " Memorandum of agreement made this day, the 29th of May, 1847, between John G. Ladd, of Newport, R. I., on the one part, and Robert King, of Westchester, Pa., on the other part, respectfully sheweth, that the said John G. Ladd agrees to sell to the said Robert King certain lots of land, bounded, to wit : on the South by Redwood street, on the West by Clark & Potter's land, on the North by the Town Road, and on the East by Cottage street, together with the new cot-

tage now building and to be finished according to agreement, for the sum of three thousand dollars ; and the said John G. Ladd agrees to build the out door kitchen, and to finish the cottage in a good workmanlike manner on or before the 1st of July next ; the above named sum to be paid when possession is given. It is also understood by both parties, that the garden is to be laid out. This agreement signed by the two parties named therein, this day the twenty-ninth of May, 1847.

(Signed,)

JOHN G. LADD,
ROBERT KING.

Witness,
NICHOLAS HAZSARD.

After setting forth this agreement, the declaration proceeds : " and the plaintiff avers that on or about the 1st day of July, A. D. 1847, at said Newport, said cottage not being finished according to the wishes of said defendant, the said defendant, at that time and place and at other times immediately subsequent, in consideration that the plaintiff would put three coats of paint on said cottage, and would move back the fence and do divers things not specified, agreed with the plaintiff to extend the time for finishing said cottage until the 14th day of July, A. D. 1847, and further avers, that, relying on the said last named agreement, he proceeded to finish said cottage, which was completed according to said agreement on or before the 14th day of July, A. D. 1847, and was then and there, with proper deeds conveying the same and the lots of land in said agreement mentioned, duly tendered to the said defendant, but that the said defendant, not keeping and observing his said contract with the plaintiff, wholly refused to take and receive said

cottage and lots of land and to pay for the same, according to said agreement, whereby, &c."

The Court ruled that parol evidence was inadmissible to extend the time of performance, designated in the written agreement, and on this ground, the plaintiff asked for a new trial.

PEARCE & TURNER, for the plaintiff.

A. C. GREENE & POTTER, for the defendant.

GREENE, C. J.—The plaintiff offered parol evidence to prove that defendant agreed to extend the time of finishing the cottage until July 1st, 1847. This evidence was objected to by defendant, upon the ground that such evidence was inadmissible under the Statute of Frauds. The defendant contended, that the contract was entire, and, being for a sale of land, the term of performance could not be extended by parol. The agreement is for the sale of the land with the cottage thereon for the sum of three thousand dollars, and the seller agrees to complete the cottage on or before the first of July then next, the purchase money to be paid when possession is given. The plaintiff contends that the agreement is divisible into two parts, to wit, the sale of the land and the finishing the cottage ; the first is within the Statute of Frauds and the second not. That the time, named in the agreement, applies to the completion of the cottage, but not to the conveyance of the land. That with regard to this last, no time being fixed, the law implies a reasonable time.

It is undoubtedly true, that parol evidence is competent to prove an enlarged time for the performance of a written contract, not within the Statute of Frauds, and

if the plaintiff is right in his construction of the contract, parol evidence is admissible to prove an enlargement of the time for the finishing of the cottage. But is the contract divisible? We think not. The agreement is for the sale of a house and lot ; the purchaser did not want one without the other, nor one before the other. It was no object to him to have the cottage without the lot, or the lot without the cottage. The purchase was of the entire estate, house and lot, and was to be perfected at the same time ; that time was the first of July, at the furtherest. We think, therefore, that the true interpretation of the contract is, that the sale was to be completed on the first of July ; in other words, that the plaintiff agreed to convey to the defendant the house and lot complete on or before the first day of July.

And the question is, whether parol evidence is admissible to prove that the parties extended the time to the 14th of July. Upon this question the authorities are conflicting. The leading English case in support of the admissibility of such evidence is *Cuff and others, vs. Penn*, decided by Lord Ellenborough in 1813, and reported 1 *Maule & Selwyn, page* 21.

In that case the " defendant agreed, by a written contract, to purchase of the plaintiffs 300 hogs of Bacon, to be delivered at fixed times and in specified quantities, and, after a part of the Bacon had been delivered, requested the plaintiffs, as the sale was dull, not to press the delivery of the residue." This was to be understood only as parol dispensation of the performance of the original contract in respect to the time of the delivery, and, therefore, was not affected by the Statute of Frauds; the defendant was held liable for not accepting the residue within a reasonable time afterwards.

In giving the opinion of the Court in that case, Lord Ellenborough said : " It is admitted, there was an agreed substitution of other days, than those originally specified, for the performance of the contract ; still the contract remained. Suppose a delivery of live hogs, instead of the bacon, had been substituted and accepted, might not that have been given in evidence, as accord and satisfaction. So here the parties have chosen to take a substituted performance."

But it appears to us, that there is a wide difference between a substituted performance, accepted by the purchaser, as of live hogs delivered and accepted instead of bacon, and a substituted executory agreement to sell and deliver live hogs. Could such an agreement have been enforced ? If originally by parol, it clearly could not. Does it derive any force from the fact, that the parties had made a written contract for the sale of bacon, any more than if they had made a contract for the sale of wheat ? If the agreement for a substituted performance is different from the written contract, then the party charged therewith is charged with a parol contract, which the statute says shall not be done.

The essence of an executory contract is the thing agreed to be done, and an agreement for a substituted performance is an agreement to do a different thing, and if this is required by the statute to be in writing, we do not perceive how the party can be charged by parol, if the agreement be substituted for a written contract, any more than if originally by parol. *Cuff and others vs. Penn,* was under the 17th section, which requires either delivery of part, or part payment, or a written contract.

*In Goss vs. Lord Nugent,* (5 Ad. and Ellis, 58, English Common Law Reports,) Lord Denman refers to the case of Cuff and others vs. Penn, and cautiously avoids giving his sanction to its authority. Park, Justice, doubted the correctness of the decision. In *Stowell vs. Robinson,* (3 Bingham N. C. 928, and 5th Scott,) it was held, that the time for the performance of a written contract for the sale of lands could not be enlarged by a subsequent oral agreement, although that agreement was pleaded by the defendant as a bar to the action. The plea was, that, at the time stipulated for the performance of the written contract, neither party was ready to complete the sale ; and the time for the performance was agreed by the parties to be postponed.

In *Stead vs. Dawber* (2 Perry & Davison 447. 10 Ad. & Ellis 57.) Cuff and others, vs. Penn, was directly overruled.

In *Marshall vs. Lynn,* (6 Meeson & Welsby 109,) decided in the Exchequer in 1840, there was a written contract for the sale of goods, within the Statute of Frauds, fixing the time of delivery ; a subsequent parol agreement was made substituting another day. Held, such subsequent agreement to be valid must be in writing. Parke, Baron, says : "Every thing for which the parties stipulate, as forming part of the contract, must be deemed to be material. Now, in this case, by the original contract, the defendant was to accept the goods, provided they were sent by the first ship ; the parties afterwards agreed by parol, that the defendant would accept the goods, if they were sent by the second ship, on a subsequent voyage ; that appears to me to be a different contract from what is stated before. Such was my strong impression, independently of any decision on

the point ; but the case of Stead vs. Dawber, is precisely in point with the present, and on looking at the judgment, it does not appear to proceed altogether upon the time being an essential of the contract, but on the ground that the contract itself, whatever be its terms, if it be such as the law recognizes as a contract, cannot be varied by parol."

In the argument of this case the counsel for the plaintiff endeavored to distinguish it from the case of Goss vs. Lord Nugent, which was under the fourth section of the statute, upon the ground of a difference in the construction of the 4th and 17th section of the statute ; and, although the Court repudiate any such distinction, yet no case has been cited, either in England or this country, where parol evidence has been admitted to enlarge the time of performance of a contract for the sale of lands.

The weight of English authority is decidedly against the admission of the parol evidence.

In *Blood vs. Goodrich*, (9 Wendell 68,) the Supreme Court of New York decided, that a parol agreement to extend the time of performance of a contract for the conveyance of land was invalid.

In *Cummins & others, vs. Arnold & others,* (3 Metcalf 486,) the defendants agreed in writing to furnish and deliver printing cloths to the plaintiffs at a certain price per yard, on eight months credit, and the suit was brought by the plaintiffs for the non-delivery of the cloths according to this contract. In defence, the defendant offered to prove, that the plaintiffs agreed by parol, after the writing was signed, to pay cash on the delivery of the cloths, deducting eight per cent, and the question was, whether evidence of these facts was admissible. The Court decided that the parol evidence was admis-

sible. Wilde, J., after adopting the reasoning of Lord Ellenborough in Cuff vs. Penn, goes on to say, " If the defendants, on their part, had refused to perform the verbal agreement, then indeed it could not be set up in defence of the present action ; for the party who sets up an oral agreement for a substituted performance of a written contract, is bound to prove that he has performed or been ready to perform the oral agreement. This distinction avoids the difficulty in some of the cases cited, where it is said, that to allow a party to sue, partly on a written and partly on a verbal agreement, would be in direct opposition to the requisitions of the statute ; and it undoubtedly would be ; but no party, having a right of action, can be compelled to sue in this form. He may always declare on the written contract, and unless the defendant can prove performance, according to the terms of the contract or according to the agreement for a substituted performance, the plaintiff would be entitled to judgment."

This reasoning does not appear to us to be satisfactory. If the agreement for substituted performance has been performed by the one party and received by the other, then undoubtedly it is an accord and satisfaction of the written contract. But a tender of performance of the substituted agreement, not accepted by the other party, is no accord and satisfaction ; and, if not received, it is then executory and performance can only be enforced by suit. In such a state of things, which is in force, the original written or the substituted verbal contract ? If A and B contract in writing for the sale to B of Black-acre, and, afterwards, by parol, they agree that the sale should be of White-acre instead of Black-acre, and A offers to convey to B White-acre according to

verbal agreement, and B refuses to receive it and sues A on the written contract for the sale of Black-acre, can B set up the verbal contract and his tender of performance of it, as a bar to the action. Is the verbal agreement of any more force because performance has been tendered? Is the verbal agreement, with a tender of performance, of any more force in the case supposed, than if none but the verbal agreement had been made? Upon the principle adopted by the Supreme Court of Massachusetts, the purchaser, under a written contract, may be deprived of the land he agreed for, and compelled, upon the strength of a subsequent verbal agreement of which performance has been tendered, to accept other land. We think if the performance is changed the contract is changed: that when there is a substituted performance agreed upon, whether as to time or subject matter, there is a substituted contract, and, if it relates to land, it must be in writing.

New trial denied.