BEZY HURLBURT *vs.* JOHN B. FITZPATRICK & others.

Suffolk.    March 9, 1900. — June 5, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Agreement to convey Real Estate — Forfeit Money — Waiver — Statute of Frauds — Consideration — Money Had and Received.*

A. entered into a written agreement, dated December 7, 1898, with L. to sell and convey, on January 7, 1899, certain land on certain terms. Five hundred dollars was deposited by L. with F. as part of the purchase price, and was to be paid over by him to A. in thirty days. L. being unable to carry out this agreement, on January 11 another in writing was entered into extending the time to February 1, and providing that if L. were unable to carry out the agreement of December 7 he was to pay $2,000, and give a second mortgage of $12,072, and A. was to convey, subject to a mortgage held by P., who, it appeared, held two mortgages both overdue. If L. were unable to perform the modified contract, F. was to pay over to A. after February 1 the deposit. On February 1 the plaintiff's attorney appeared at the time and place agreed on with a deed to L. con-

veying the property subject to the two mortgages to P., and L. was informed at or about the same time that the attorney had discharges of these mortgages ready for him. L. was unable to perform his agreement, and, at his request, A.'s attorney gave him more time. On the following day, L. having requested an extension of the two mortgages, an extension was duly executed by P. and delivered to A.'s attorney. Afterwards, at L.'s request, A.'s attorney agreed to wait till March 1, L. saying that if he was not ready he authorized F. to pay over the money. On March 1 A. was ready at the place appointed to deliver the deed, but L. did not appear: *Held*, in an action by A. against F. to recover the deposit, that if the proper construction of the agreement of January 11 was that the property was to be conveyed subject to one mortgage to P., that objection was waived by L.; that the oral modifications of the agreement of January 11 were not within the statute of frauds; and that there was ample consideration for L.'s agreement as to F.'s paying over the money, and after L.'s default F. held it as money had and received to A.'s use.

CONTRACT, to recover $500 " received from .Morris Bravman and Mark Lewis to the use of the plaintiff." Trial in the Superior Court, without a jury, before *Hardy*, J., who refused to give certain rulings requested by the defendants Bravman and Lewis, and they alleged exceptions. The facts appear in the opinion and in a note by the reporter.

*E. A. McLaughlin & J. A. Brett*, for the defendants.

*F. R. Rogers*, for the plaintiff.

MORTON, J. The plaintiff entered into a written agreement dated December 7, 1898, with one Mark Lewis, acting for himself, and one Morris Bravman, to sell and convey to said Lewis certain land therein named on certain terms therein set forth. The deed was to be delivered January 7, 1899. The $500 which is the subject of this suit was deposited by said Lewis and Bravman in the hands of the defendant Fitzpatrick as part of the purchase price, and was to be paid over by him to the plaintiff at the expiration of thirty days. Lewis and Bravman were unable to carry out this agreement, and on January 11, 1899, another written agreement was entered into between the plaintiff, acting by her attorney, and Lewis and Bravman, modifying the terms of the first agreement, and extending the time of performance to February 1, 1899. By this agreement, if Lewis and Bravman were unable to carry out the agreement of December 7, they were to pay $2,000, and give a second mortgage of $12,072, and the plaintiff was to convey subject to a mortgage held by one Miss Pope. As a matter of fact it turned out that Miss Pope held two mortgages both overdue. If Lewis

and Bravman were unable to perform the contract as thus modified, then Fitzpatrick was to pay over to the plaintiff after February 1 the deposit held by him. February 1 the plaintiff appeared by her attorney at the time and place agreed on, with a deed running to Lewis as he had requested, and conveying the property subject to the two mortgages to Miss Pope ; and Lewis and Bravman were informed at or about the same time that he (the attorney) had discharges of these mortgages ready for them. There was no objection to the form of the deed. Lewis and Bravman were unable to perform their agreement at this time, and asked the plaintiff's attorney to wait, and he agreed to do so ; and on the following day they requested him to procure an extension of the two Pope mortgages, which he did, and submitted the extension to the attorney of Lewis and Bravman, who approved it, and it was then executed, acknowledged, and delivered to the plaintiff's attorney by Miss Pope. Afterwards Lewis and Bravman asked the attorney of the plaintiff to wait till March ; and he agreed to wait till March 1, Lewis and Bravman saying that if they were not ready they authorized Fitzpatrick to pay over the money. On March 1 the plaintiff was ready at the place appointed to deliver the deed, but Lewis and Bravman did not appear.* We deem it enough to say, without taking up the requests *seriatim*, that upon these facts the judge who heard the case was well warranted in finding in favor of the plaintiff. If the proper construction of the agreement of Jan-

---

* The judge ordered judgment for the plaintiff against the original defendant in the sum of $500, the defendant to have no costs, and also ordered judgment for the plaintiff for costs against the defendants Bravman and Lewis. The two last named requested the following rulings, which the judge refused to give : 1. The plaintiff's contract with the defendants required her to convey the real estate subject to a single mortgage, and therefore the plaintiff was not able to perform the contract, and cannot recover. 2. This contract required her to convey said estate and take back a second mortgage, and there being already two mortgages upon the estate outstanding, the plaintiff was not able to perform her contract, and hence cannot recover. 3. All written contracts between the parties were nullified by mutual agreement and all rights of the plaintiff thereunder waived. 4. After the expiration of the written agreement, the plaintiff and the defendants entered into a new oral agreement for the sale and purchase which was not enforceable against the defendants; and the plaintiff cannot recover.

uary 11 was that the property was to be conveyed subject to one mortgage to Miss Pope, the objection that there were two mortgages was waived by the request of Lewis and Bravman to the plaintiff's attorney, that he would procure an extension of the two mortgages held by Miss Pope; and his compliance with that request removed the objection, if any, which they might otherwise have had. The subsequent oral modifications of the agreement of January 11, were not within the statute of frauds. *Cummings* v. *Arnold,* 3 Met. 486. There was ample consideration for the agreement of Lewis and Bravman that if they did not perform their agreement the money in Fitzpatrick's hands should be paid over to the plaintiff by him, and after the default by Lewis and Bravman of March 1, he held it as money had and received to the plaintiff's use.        *Exceptions overruled.*