CHARLES A. HETZEL, APPELLEE, V. HORACE G. LYON ET AL.,
APPELLANTS.

FILED JUNE 10, 1910. No. 16,089.

1. Statute of Frauds: BROKERAGE CONTRACT: PAROL MODIFICATION. A contract of agency between a landowner and broker or agent for the sale of the land of the former, which by its terms limits the time of its continuance, may be modified by parol so as to extend the time of the existence of the agent's authority to sell under the contract.

2. Appeal: ADMISSION OF EVIDENCE. It is not reversible error to admit in evidence a written contract, when the substance of the contract is already in evidence and the record contains no contradiction of such evidence.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*C. Patterson,* for appellants.

*Albert W. Crites, contra.*

SEDGWICK, J.

The plaintiff recovered a judgment against the defendants in the district court for Sheridan county for $500 as commissions on a contract for the sale of lands of the defendants. The defendants have appealed to this court.

The contract between the parties authorizing the plaintiff to sell the lands of the defendants was in writing, signed by both parties, and described the land to be sold, and set forth the compensation to be allowed the agent. It also contained the following stipulation: "This contract shall terminate at the end of 60 days from date, unless an extension of time is made in writing and attached hereto." It was dated July 5, 1906. No agreement in writing was made by the parties extending the time of the contract. The evidence shows that after the expiration of the time named in the contract the plaintiff, at the solicitation of the defendants, continued to

endeavor to find a purchaser for the land, and that in September, 1907, he found a purchaser and sold the land to one Weidling, which sale was satisfactory to the defendants. It seems that other agents claimed to have something to do with the sale of the land and to be entitled to the commissions. The defendants settled with them, and took their bond indemnifying the defendants against any claims that the plaintiff might make for commissions.

The principal question raised and discussed by the defendants in their brief is whether a contract of this kind, which contains a limitation of the time of its continuance, can be extended by a parol agreement between the parties upon sufficient consideration, or whether such agreement extending the time of the contract must be in writing, signed by the parties thereto. We consider that this question has already been determined by this court. In *Rank v. Garvey*, 66 Neb. 767, the question was presented whether such a contract of agency could be modified by parol agreement so as to change the price at which the agent was authorized to sell the land, and it is said in the opinion that "the instrument granting the agent authority to sell, as originally given, would have been sufficient to meet the statute, even though it had not named the price at which the agent could sell. It follows, therefore, that the parties were at liberty to modify by parol such portions of the contract as the statute does not require should be in writing." Applying this rule to the case at bar, it must be said that the statute does not require that the time for the existence of the agent's auhority to sell must be stated in the written contract, and therefore that is one of the provisions that may be modified by parol. This disposes of the principal question in the case.

It is urged in the defendants' brief that the court erred in allowing the plaintiff to introduce in evidence the contract of guarantee above referred to. It appears that the deposition of Mr. Weidling, to whom the land was sold by plaintiff, was taken and read in evidence, and that as

a part of that deposition there were attached certain letters written by the defendant Horace G. Lyon to Mr. Weidling, and in one of them, dated December 28, 1907, in which the defendant details some of the particulars of his controversy with the plaintiff in regard to these commissions, the defendant says: "I settled with the Maverick people on this basis, and took their receipt in full and a bond fully indemnifying me against any judgments, costs or personal expense from any suit that Hetzel had brought or might bring." It is stated in the plaintiff's brief, and, so far as we have been able to ascertain, correctly stated, that these letters were put in evidence before the jury without objections on the part of the defendants. There is other evidence of the same general nature which appears to have been received without objection, and this evidence, so far as we have seen, was not contradicted. It therefore appears that the defendants have not been prejudiced by the introduction of the indemnifying bond in question.

All the other objections urged in the brief depend entirely upon matters already disposed of, and we find no reversible error in the record.

The judgment of the district court is therefore

AFFIRMED.