PROPERTY SALES, INC., A NEBRASKA CORPORATION, APPELLEE, v. IRVINGTON ICE CREAM & FROZEN ARTS, INC., A NEBRASKA CORPORATION, APPELLANT.

165 N. W. 2d 78

Filed February 14, 1969. No. 37037.

Crossman, Barton & Norris, for appellant.

Steven J. Lustgarten, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WILLIAM C. SMITH, JR., District Judge.

WHITE, C. J.

The question involved in this case is whether Hetzel v. Lyon, 87 Neb. 261, 126 N. W. 997 (1910), should be overruled. In the above case this court held that a contract in writing executed pursuant to the statute of frauds, now section 36-107, R. R. S. 1943, between a landowner and broker for the sale of the land of the former, which by its terms limits the time for its continuance, may be extended by parol after the contract has been terminated, so as to extend the time of the existence of the broker's authority to sell under the terms of the written contract. The district court followed the above rule and entered judgment for the broker based upon an oral extension entered into after expiration of the written contract. We reverse the judgment and remand the cause with directions to dismiss the action.

In this case the parties entered into a valid written brokerage contract, a "UNIFORM LISTING CONTRACT," on March 4, 1966, for the sale of defendant's ice cream business. The property did not sell during the term of the listing contract which, by its own terms, expired on September 1, 1966. Giving maximum import to the trial judge's findings, sitting as a trier of fact in a law action, the parties, over 6 months later, entered into an oral extension agreement. The plaintiff located a buyer who later closed a deal with the defendant personally without the participation of the plaintiff in the

negotiations and the closing of the deal on July 1, 1967.

The ultimate facts in Hetzel are identical with those of this case and ordinarily would require affirmance. But the court in Hetzel did not decide precisely any new question of law. Its decision was based unequivocally on the case of Rank v. Garvey, 66 Neb. 767, 92 N. W. 1025 (1902). The court said: "We consider that this question has already been determined by this court. In Rank v. Garvey, 66 Neb. 767 * * *." Even a cursory reading of Rank v. Garvey, *supra,* reveals that the broker's contract *had not expired* and was in full force and effect at the time the contract was modified, by an oral agreement as to the listing price, a term not required to be in writing under the Statute of Frauds. These facts strike a clear distinction between the Rank and Hetzel cases. It, therefore, appears to be beyond argument that the Hetzel case stands entirely upon a misconception of the rule in the Rank case which we consider to be sound law. Consequently we feel that the question is an open one for our decision on the merits.

The problem presented is how can a contract which has expired by its own terms, and is legally defunct, be extended? It would seem quite apparent that in order to extend a contract, there must be a contract in existence to extend by parol, lest the parol agreement fall for failure to comply with the Statute of Frauds, section 36-107, R. R. S. 1943. In 17A C. J. S., Contracts, § 373, p. 422, it is stated: "A contract which by its terms has expired is legally defunct, and there is nothing on which an extension agreement may legally operate. To bring the terms of an extinguished contract into renewed existence requires a new contract embodying such terms." In 17A C. J. S., Contracts, § 449, p. 561, it is stated: "* * * the fact that the parties by their acts and declaration indicate an intention to treat a written contract as continuing after the time prescribed in it for its termination will not have the effect of continuing such contract, although it may show a subsequent oral

agreement on the same terms." Section 450, page 562, of the same work states: "The time for giving notice of renewal, when unspecified, does not extend beyond the date of the expiration of the contract."

In 49 Am. Jur., Statute of Frauds, § 301, p. 609, it is stated as follows: "A different question arises when an attempt is made orally to modify a written contract embraced within that statute; while not all the authorities are in accord, the broad general doctrine as announced by most authorities is that a contract required by the statute of frauds to be in writing cannot be validly changed or modified as to any material condition therein by subsequent oral agreement so as to make the original written agreement as modified by the oral one an enforceable obligation. To state the rule differently, where an original agreement comes within provisions of the statute of frauds requiring certain agreements to be in writing, the statute of frauds renders invalid and ineffectual a subsequent oral agreement changing the terms of the written contract. * * * The rule that the statute of frauds prevents the oral modification of a writing has been applied in the case of a writing which was insufficient under the statute, but in any case, where the parties have failed to put sufficient of the agreement in writing to comply with the statute, any subsequent oral modification the parties agree upon is ineffective, because there is no enforceable contract to be modified." The rule would appear to be the same in Nebraska with exceptions not applicable here. See, Bowman v. Wright, 65 Neb. 661, 91 N. W. 580; Hylton v. Krueger, 138 Neb. 691, 294 N. W. 485; Swanson v. Madsen, 145 Neb. 815, 18 N. W. 2d 217.

In examining the authorities dealing with this situation, and they are numerous, perhaps the most persuasive is a case directly in point, Pavey v. Collins, 31 Wash. 2d 864, 199 P. 2d 571. In that case, there was a valid broker's contract in writing for the sale of real estate which expired by its own terms on December 31,

1946. Washington's Statute of Frauds was substantially like Nebraskas, requiring a contract between broker and owner for the sale of real estate to be in writing. On January 12, 1947, the owner wrote a letter to the broker confirming the expiration of the original written contract, but advising the broker that if he had a buyer for a lesser price than in the original agreement, the owner would still pay the broker a commission, provided the property was not previously sold. The broker contended that the original contract had been extended, both orally and in writing, the writing being the letter of January 12, 1947. The trial court, without a jury, awarded the broker a judgment on the theory of an extension of the original contract.

In reversing the judgment of the trial court and dismissing the action, the Supreme Court of Washington said: "It is apparent that whatever may be said or held with respect to the statutory sufficiency of the original exclusive option agreement, executed July 1, 1946, that agreement does not and cannot, in and of itself, apply to the sale in this case or warrant recovery thereon by the respondents (broker), for the simple reason that this agreement expired by its own express terms on December 31, 1946, and all negotiations for the sale involved in the present action took place after January 12, 1947."

The theory upon which the Washington trial court decided the case in favor of the broker was, as clearly appears from the court's finding, that by his letter of January 12, 1947, the owner granted the broker an extension of the original brokerage agreement and right to sell, but without the exclusive feature thereof. For several reasons, we disagree with the theory of extension of the Supreme Court of Washington. In the first place, the letter of January 12, 1947, on its face negated any extension of a prior agreement, and categorically declares that the prior agreement has expired and no longer exists. The second reason was that a contract

which by its terms has expired is legally defunct and, since the vitality which it once had had ceased, there was nothing upon which an extension might legally operate. So long as the contract remained executory, the parties thereto, acting upon sufficient consideration, could by agreement rescind, alter, modify, supplement, or replace it; but when the contract had terminated or been extinguished, it was no longer subject to extension, for extension implies an existing agreement. To bring the terms of an extinguished contract into renewed existence requires a new contract embodying such terms.

Further elaboration of the law and facts in the present case are unnecessary. It is clear that the listing contract expired by its own terms on September 1, 1966. From that date on, there was nothing to extend; and if the listing contract were to be reestablished, it had to be done with a new contract, in writing, which complied with section 36-107, R. R. S. 1943. There was no such contract.

From all that has been said, it is clear that the Hetzel holding was based on a misconception of the holding and decision in the earlier Rank case, and that reason and the authorities overwhelmingly demand its reversal and a return to a position consonant with law of contract and an enforcement of the basic purposes of section 36-107, R. R. S. 1943, of the Statute of Frauds.

For the reasons given the judgment of the district court is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.

BOSLAUGH and McCOWN, JJ., concur in result.