Pauline J. BERUBE

v.

Richard B. MONTGOMERY et al.

No. 81–41–Appeal.

Supreme Court of Rhode Island.

July 18, 1983.

Z. Hershel Smith, Providence, for plaintiff.

James B. Callahan, Newport, Carroll E. Ayers, Wakefield, Mass., for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment entered in the Superior Court granting specific performance of an agreement for the sale of real estate in the town of Tiverton. We affirm. The facts of the case are as follows.

On June 30, 1976, Richard B. Montgomery and Geraldine L.S. Montgomery (the sellers) agreed by written contract to sell to Pauline J. Berube (the buyer) a tract of land in the town of Tiverton. This lot was described in the contract by metes and bounds and also as lot No. 15 on a plat recorded in the office of the town clerk of said town. The contract set forth the purchase price at $20,000, of which $1,000 was paid on the date of execution of the agreement with the balance to be paid upon the delivery of the deed. Conveyance was to take place on or before July 26, 1976. The agreement further provided that the sellers should provide evidence at their expense of satisfactory water table and percolation tests. The trial justice found as a fact that the sellers did not procure the water table and percolation tests at any time prior to their attempt to terminate the contract on February 8, 1977. The parties had extended the time for conveyance in writing to September 30, 1976. Thereafter the trial

justice found that the contract was extended verbally, without specific date, "closing to be when all contingencies were taken care of, and agreement was reached to extend the closing date to March 9, 1977 * *."

The trial justice further found as a fact that the sellers attempted to terminate the contract on February 8, 1977, but that the buyer demanded performance by March 9, 1977, and was ready, willing, and able to close the transaction at that time. He further found that time was not of the essence in this agreement, either by "contract terms, or made so by the conduct of the parties." In support of their appeal, the sellers raise two issues.

## I

The sellers argue that the statute of frauds in this state, G.L.1956 (1969 Reenactment) § 9–1–4, prohibits enforcement of an oral extension of a contract to purchase land. In support of this proposition, the sellers cite *Ladd v. King*, 1 R.I. 224 (1849), which held that an agreement for sale of land could not be extended in regard to time by parol. Somewhat later this court in *Hicks v. Aylsworth*, 13 R.I. 562 (1882), also held that a *gratuitous* oral agreement to extend the time for exercise of an option for the purchase of real estate was ineffective. This holding was somewhat diluted by the conclusions of the court that the delay was in no way attributable to any fault on the part of the sellers and that the buyers "have never tendered, nor been ready to tender, and are not to-day, so far as appears, ready to pay the money required." *Id.* at 567.

In the case at bar it might well be suggested that the trial justice's finding that the time for conveyance was not of the essence is conclusive under the doctrine of *Safeway System, Inc. v. Manuel Bros., Inc.*, 102 R.I. 136, 228 A.2d 851 (1967). In that case a judgment for specific performance in favor of the buyer of real estate was upheld

even though performance was delayed beyond the time fixed in the contract. However, we feel that the time has come for us to clarify and redefine the effect of the statute of frauds upon the right to extend the time for a conveyance of realty by oral agreement. We recently reaffirmed in *MacKnight v. Pansey*, R.I., 412 A.2d 236 (1980), the principles enunciated in *Durepo v. May*, 73 R.I. 71, 54 A.2d 15 (1947), concerning the requirements necessary to meet the mandate of the statute of frauds that "the promise or agreement * * * or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith * * *." In *Durepo*, this court stated:

> "The note or memorandum sufficient to prevent the operation of the statute upon a contract for the sale of land need not have the formal precision usually found in a written contract or agreement. Such note or memorandum meets the requirements of the statute if it sets out who are the seller and the buyer, their respective intention to sell and to purchase, such a description of the subject matter of the sale as may be applied to a particular piece of land, the purchase price, and the terms of payment if the sale is not for cash; and further such note or memorandum must be signed by the party to be charged in the action or by his agent lawfully authorized." *Id.* at 76, 54 A.2d at 18–19 (quoting *Sholovitz v. Noorigian*, 42 R.I. 282, 285–86, 107 A. 94, 95 (1919)).

The court went on to suggest that if these requirements are met, other elements may be supplied by oral agreement. Without question the contract in the case at bar would have fulfilled all of the foregoing requirements even in the event that a date for conveyance had not been specified. It would therefore seem reasonable that a conveyance date that would have been capable of proof by parol, if not included in the initial written contract, should also be suspectible of modification by oral agree-

ment in accordance with principles generally applicable to written contracts.[1]

This court has consistently held that a written agreement may be modified orally by the parties subsequent to the execution of such agreement. *E.g., MBT Construction Corp. v. Kelhen Corp.,* R.I., 432 A.2d 670, 674 (1981); *Industrial National Bank v. Peloso,* 121 R.I. 305, 310, 397 A.2d 1312, 1314 (1979).

In the case at bar the trial justice specifically found that the delay in carrying out the conveyance at the time stipulated in the contract was due to the failure of the sellers to fulfill an obligation that was theirs to perform under the contract. Certainly, the agreement to extend was not gratuitous since the consideration for such agreement would be the forebearance on the part of the buyer to demand return of her deposit and/or to pursue such legal remedies as might have been available to her when the

conveyance did not take place because of default on the part of the sellers to meet the terms of the agreement.

We are of the opinion that the terms of the statute of frauds do not require a holding that an oral extension of time for the carrying out of a contract for the sale of real estate be ineffective. It is undoubtedly true, as suggested in *Ladd v. King, supra,* that there are some portions of an agreement subject to the statute of frauds which may be so essential to the heart of the transaction as to be not susceptible to modification by parol. Under the circumstances of this case, an extension of the time of performance is not such a provision. Therefore, we are of the opinion that the trial justice was correct in concluding that time was not of the essence, that any delay was caused by the sellers, and that the oral

1. In *Cuff v. Penn,* 1 Maule & S 21, 105 Eng. Reprint 8 (1813), Lord Ellenborough held that an oral extension of time for performing a contract subject to the statute of frauds was effective. Lord Denman in *Goss v. Lord Nugent,* 5 Barn. & Adolph 58 (1833) held in behalf of the Court of King's Bench that an oral modification of a written agreement for the sale of land could not dispense with the providing of a valid title as to a portion of the real property to be conveyed. Lord Denman distinguished the holding in *Cuff v. Penn* since it dealt only with the time for performance of the contract. He therefore stated that it was not necessary to say whether that case was rightly decided. Parke, J., in a concurring opinion in *Goss* expressed strong disagreement with the principle enunciated in *Cuff v. Penn.* This apparent disagreement has caused a wide divergence of authority to arise in the United States. For example, the Supreme Judicial Court of Massachusetts accepted the authority of *Cuff v. Penn, supra,* and developed the theory that a subsequent oral agreement for substituted performance is valid. *Cummings v. Arnold,* 3 Metc. 486 (1838). In that case the court observed:

"The statute, therefore, requires a memorandum to be in writing, that it may be made certain; but it does not undertake to regulate its performance. It does not say that such a contract shall not be varied by a subsequent oral agreement for a substituted performance."

This holding was reaffirmed in *Hurlburt v. Fitzpatrick,* 176 Mass. 287, 57 N.E. 464 (1900). The Rhode Island Supreme Court reached the opposite conclusion *in Ladd v. King,* 1 R.I. 224

(1849), rejecting Lord Denman's analysis and holding essentially that an agreement subject to the statute of frauds is indivisible and that no change may be made save in writing. This rule has been followed in many jurisdictions. 4 Williston, *Law of Contracts* § 594 (3d ed. Jaeger 1961). Nebraska reached an intermediate conclusion in *Hecht v. Marsh,* 105 Neb. 502, 504, 181 N.W. 135, 136 (1920), in which it enunciated its rule as follows:

"It has been held by this court that the general rule prohibiting the subsequent oral modification of contracts required by the statute to be in writing applies only with respect to those provisions which the statute expressly requires to be contained in the writing in order to make it valid. *Hetzel v. Lyon,* 87 Neb. 261, [126 N.W. 997 (1910)]; *Rank v. Garvey,* 66 Neb. 767, [92 N.W. 1025 (1902)]."

In jurisdictions in which an agreement subject to the statute of frauds may not be modified by parol, it has been held that under circumstances where postponement of performance is caused by the adverse party, such party may not withdraw oral consent to postponement of performance to a subsequent time. *See Thomson v. Poor,* 147 N.Y. 402, 42 N.E. 13 (1895); 4 Williston, *Law of Contracts* § 595; *see also* Annot. 17 A.L.R. 10, 36–39 (1920). In the case at bar it is apparent that time was not of the essence and that any delay in performance was caused by the sellers. Therefore, without entirely eroding the general principles enunciated in *Ladd v. King, supra,* it appears that the sellers cannot now be heard to repudiate their oral assent to an extension of time.

agreement to extend the time of performance was not in derogation of the statute of frauds.

## II

■ In support of their second issue, the sellers argue that the trial justice abused his discretion when granting an equitable remedy to the buyer. They suggest that the buyer exercised lack of diligence and was guilty of overreaching. This argument does not require extended discussion and simply flies in the face of the findings of fact made by the trial justice. It is a familiar and well-settled principle in this state that the findings of fact made by a justice of the Superior Court sitting without a jury are entitled to great weight and will not be set aside unless clearly wrong. *Ferris v. Hawkins,* R.I., 457 A.2d 253, 255 (1983); *Altieri v. Dolan,* R.I., 423 A.2d 482, 484 (1980); *Taffinder v. Thomas,* 119 R.I. 545, 549, 381 A.2d 519, 521 (1977); *Russo v. Stearns Farms Realty, Inc.,* 117 R.I. 387, 391, 367 A.2d 714, 717 (1977); *see* 1 Kent, *R.I.Civ.Prac.* § 52.5 at 384 (1969). An examination of the evidence in this case discloses, without question, that the findings of fact made by the trial justice were supported by ample evidence, that he did not overlook any relevant evidence submitted in the case, and that he was certainly not clearly wrong.

For the reasons stated, the defendants' appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.