JONI AUTO RENTALS, INC.

v.

WEIR AUTO SALES, INC.

No. 82–508–Appeal.

Supreme Court of Rhode Island.

April 16, 1985.

Dennis H. Esposito, Vrana Cunha & Esposito, Providence, for plaintiff.

Joseph A. Keough, Keough Parker Gearon & Viner, Pawtucket, for defendant.

## OPINION

WEISBERGER, Justice.

This is a contract action in which the trial justice awarded damages for breach of contract to Joni Auto Rentals, Inc. (Joni). Weir Auto Sales, Inc. (Weir), appeals from the judgment entered in Superior Court. We affirm. The pertinent facts as found by the trial justice are as follows.

Joni was engaged in the business of leasing cars for hire. Weir was primarily engaged in the business of selling new cars for which it had a dealership.

Joni and Weir entered into contracts on February 18, 1977, March 30, 1977, and October 1, 1977, which gave rise to certain obligations on the part of both. Under the February contract, Joni agreed to purchase from Weir one hundred fifty new automobiles to be delivered in accordance with a schedule contained in the contract: sixty vehicles in March, fifty vehicles in April, and forty vehicles in May 1977. Weir in turn promised that it would (1) repurchase all one hundred fifty of the vehicles sold to Joni at the end of a minimum period of six months in service as provided by the contract under a specific formula agreed to by the parties in respect to value; and (2) purchase eighty 1976 Dodge Dart automo-

biles from Joni. These last vehicles at the time of the contract constituted a part of Joni's fleet of cars used in its rental business. The contract further provided that as the new vehicles were delivered, the 1976 model Dodge Darts would be taken out of service and sold to Weir at a specified price, less normal wear and tear plus a damage factor.

The contract of March 30, 1977, was similar in its terms and provided for the purchase by Joni and the repurchase by Weir of forty 1977 Plymouth Fury automobiles. Weir promised to repurchase these automobiles after a minimum of six months' in-service use by Joni. It was further agreed in the March 30 contract that the forty Fury vehicles to be purchased would replace forty-two 1976 model Chevrolets and that Weir would purchase those vehicles as replaced by the new Plymouths at an agreed price, normal wear and tear and damages to be deducted.

The third and final contract, which was dated October 1, 1977, provided for the purchase by Joni of sixty new 1978 model Plymouth Volare automobiles. In this contract Weir did not agree to purchase outright upon the delivery of the 1978 Plymouth Volare automobiles any vehicles that were part of Joni's rental fleet. Weir did, however, obligate itself to repurchase after a minimum of six months' in-service use by Joni the sixty 1978 Plymouth Volares.

The trial justice further found that the arrangements provided by these contracts were designed to retire from service after a minimum period of six months the rental vehicles Joni used in its business. The longer the period of service during which the rental vehicle was used, the lower the value of the automobile to be repurchased under the formula and the depreciation allowance contained in the contract. The trial justice found that in each of the contracts, time was made to be of the essence.

The trial justice found that the relationship between the parties was generally good up until the deliveries of new cars made by Weir pursuant to the terms of the contract dated October 1, 1977. Fifty-nine out of the sixty Plymouth Volares were delivered by the third week in October 1977. One automobile was diverted to a third person by agreement of the parties. Following this last delivery, the trial justice found, the business relationship between the parties deteriorated. No vehicle was purchased or repurchased by Weir subsequent to the third week in April 1978. The trial justice found that a representative of Weir with its full authority and approval notified Joni early in April 1978 that it had no further need for 1976 Dodge Darts and Chevrolets. He further found that the same representative acting with Weir's full knowledge and authority refused to make repurchases of vehicles furnished to Joni under the contracts of February 18 and March 30, 1977. The trial justice found that these refusals constituted a breach of these two contracts and further provided an appropriate reason for a communication by Joni to Weir on or about May 1, 1978, that Joni would offer no further vehicles to Weir and would place such vehicles on the market in order to mitigate damages since the conduct of Weir's representative constituted an anticipatory breach of the contract of October 1, 1977, in respect to its repurchase provisions.

Thereafter the trial justice found that Joni proceeded to sell its Dodge Darts and Chevrolets in order to mitigate damages and, as the relevant six-month periods ended, sold its other vehicles at the best price obtainable from third parties. We shall not go into the details of the trial justice's meticulous computations, save to state that he determined as a result of the breach of contract, that Joni received $46,007.75 less than it would have received had Weir observed the provisions of its contract. This sum included consequential damages and interest arising out of tardy payments made by Weir on automobiles that it did purchase. To this amount the trial justice added interest in accordance with G.L.1956 (1969 Reenactment) § 9–21–10, as amended by P.L.1981, ch. 54, § 1.

In support of its appeal, Weir raises five issues. These issues may be grouped un-

der two general headings that will be dealt with in the order of their significance to this opinion.

## I

### WAS THE CONTRACT UNENFORCEABLE BY REASON OF ITS BEING ILLUSORY IN THAT THERE WAS NO CORRESPONDING OBLIGATION UPON JONI?

Generally Weir argues that there was no obligation on its part to purchase vehicles mentioned in the contract and that if such an obligation is set forth, it is unenforceable by reason of the fact that Joni had no obligation to offer such vehicles for purchase. This argument overlooks the plain language of the contracts that clearly provide for the repurchase provisions. In respect to the contention that there is no corresponding obligation on Joni's part, Weir overlooks an important element of all three contracts. Weir's obligation is only triggered by the promise on Joni's part to purchase from Weir under an agreed formula approximately 250 new automobiles pursuant to the terms of the three contracts (February 18, 1977, March 30, 1977, and October 1, 1977). It is undisputed that Joni did make said purchases with the exception of some vehicles that were diverted by agreement of the parties. Consequently, the contention that the contracts in this case were illusory and gave unlimited freedom of choice to Joni is untenable. The interpretation of the three contracts by the trial justice was virtually compelled by the plain and unambiguous language of said contracts. *See Judd Realty, Inc. v. Tedesco*, R.I., 400 A.2d 952 (1979).

## II

### WAS THE TRIAL JUSTICE CLEARLY WRONG IN FINDING AS A FACT THAT WEIR HAD BREACHED THE THREE CONTRACTS AND THAT TIME WAS OF THE ESSENCE IN PERFORMANCE?

We have often stated that findings of fact made by a trial justice sitting without a jury are entitled to great weight and will not be set aside on review unless the trial justice has overlooked or misconceived relevant evidence on a material issue or is otherwise clearly wrong. *Proffitt v. Ricci*, R.I., 463 A.2d 514 (1983); *Berube v. Montgomery*, R.I., 463 A.2d 158 (1983); *Altieri v. Dolan*, R.I., 423 A.2d 482 (1980). An examination of the contract provisions as well as the evidence in the case leads us to the conclusion that the trial justice in his carefully prepared rescript applied the facts in the case with precision to arrive at a correct interpretation of the legal obligations of the parties. We find no fault with the factual determinations made by the trial justice. Weir has totally failed to demonstrate that the trial justice overlooked or misconceived relevant evidence or that he was otherwise clearly wrong. Therefore, we see no basis for disturbing either his findings about the breach of contract, including the anticipatory breach of the October 1, 1977, contract, or his computation of damages.

For the reasons stated, Weir's appeal is denied and dismissed, and the judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.