**DeFELICE REALTORS, INC.**

v.

**Arthur R. DELFINO et al.**

**No. 83–312 Appeal.**

Supreme Court of Rhode Island.

Feb. 7, 1986.

---

Paul K. Sprague, Robinson & Sprague, Warwick, for defendants.

Joseph J. McGair, Petrarca & McGair, Warwick, for plaintiff.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment entered in the Superior Court in favor of DeFelice Realtors, Inc. (DeFelice), against Arthur R. Delfino and S. Richard Delfino (Delfino). Judgment was entered after trial in the Superior Court without the intervention of a jury. We affirm. The facts of the case as found by the trial justice insofar as pertinent to this appeal are as follows.

Delfino was the owner of a truck terminal located on Phenix Avenue in Cranston. On November 16, 1977, DeFelice and Delfino entered into a written agreement granting to DeFelice the exclusive right for one year to represent Delfino in the leasing of the truck-terminal premises. The agreement provided that DeFelice would be paid, as commission, a percentage of the rent. DeFelice would be entitled to 10 percent of the first year's rent, 5 percent of the second year's rent, and 2 percent of each year's rent thereafter. The agreement further provided that the commission would be paid whether or not DeFelice actually procured the lease of the premises, so long as a lease was entered into during the period of one year from the date of agreement. The only exception to this provision would be if the premises were leased to a firm known as Arkansas Best Freight (Arkansas) (with whom Delfino had been negotiating earlier). There was no provision in the written agreement relating to the method by which the property would be advertised. However, after the agreement had been executed, Richard Delfino requested that no signs be put on the premises. That request was agreed to by Cyril F. Wells (Wells) on behalf of DeFelice. Later, DeFelice advertised the property in various newspapers and trade journals in the New

England area. In some instances, the advertisements included photographs of the property.

Later, Richard Delfino informed Wells that he was free to contact Arkansas in spite of the exclusion. Wells did so but without success. Incident to his contacting Arkansas, Wells prepared a written modification to the exclusion and sent it to Delfino. This document was not executed.

On January 29, 1978, Richard Delfino wrote to DeFelice stating that he believed that DeFelice had breached its contract by advertising the truck-terminal premises for sale in various newspaper advertisements that included photographs and had also breached its agreement by contacting Arkansas as well as seeking to have the exclusion removed from the leasing agreement. As a result of these actions, Richard Delfino stated that the exclusive leasing agreement was terminated and that the truck-terminal premises were to be removed from the market.

Two days later, on January 31, 1978, Delfino entered into a lease of the subject premises with an entity known as C & C Distributors.

The trial justice, in an extensive and detailed bench decision, found as a matter of fact that there had never been any agreement by the parties that DeFelice would refrain from advertising the subject property in the usual newspapers and trade journals. He found that the only "side agreement" in addition to the written agreement was to the effect that no signs would be placed on the premises. He further found that DeFelice, through Wells, had been invited to contact Arkansas after the agreement had been executed. It was for this reason that Wells prepared an amendment to the exclusion of that firm from the written agreement, although that amendment was never signed.

The trial justice further found, without equivocation, that DeFelice had not breached its exclusive listing contract with Delfino in any way and that Richard Delfino acted in bad faith in sending the letter of January 29 making spurious allegations in respect to purported breaches. He found that this letter was designed "to terminate the relationship giving spurious reasons for doing this and intending to create the impression that it was the plaintiff that was in breach of contract." He stated that he did not believe Richard Delfino and that Delfino's assertion that the building was to be removed from the market was "a bald face lie." The trial justice went on to hold that DeFelice was entitled to its commission for any lease entered into during the term of the exclusive right, regardless of who procured the lease agreement. He found that Delfino had no right to terminate the arrangement unilaterally and that DeFelice did not agree or acquiesce in such termination. Consequently, he assessed damages in the amount of the commission applied to the rental of the premises agreed to between Delfino and C & C Distributors. However, he excluded from the rental base an addition to be constructed for refrigeration to the premises necessary to accommodate the needs of C & C Distributors. He did so because he found that the building of an addition and charging rent therefor was not contemplated within the exclusive lease-listing agreement. He further instructed that judgment be entered in favor of DeFelice against the individual defendants, Arthur Delfino and S. Richard Delfino. He found that Delfino Corp. was not a party to the transaction and therefore entered judgment dismissing the complaint against that party.

■ It is well settled in this jurisdiction that the findings of fact of a trial justice sitting without a jury are entitled to great weight and will not be disturbed unless it is determined that he has overlooked or misconceived relevant evidence on a material issue or was otherwise clearly wrong. *Dickinson v. Killheffer*, —— R.I. ——, ——, 497 A.2d 307, 312 (1985); *Joni Auto Rentals, Inc. v. Weir Auto Sales, Inc.*, —— R.I. ——, ——, 491 A.2d 328, 330 (1985); *Proffitt v. Ricci*, —— R.I. ——, ——, 463 A.2d 514, 517 (1983); *Berube v. Montgomery*, —— R.I.

—, —, 463 A.2d 158, 161 (1983). Moreover, the same principle applies to the inferences and conclusions drawn by the trial justice in respect to ultimate issues of fact derived from the testimony and evidence presented. *Finkelstein v. Finkelstein,* —R.I. —, —, 502 A.2d 350, 355 (1985); *Casey v. Casey,* — R.I. —, —, 494 A.2d 80, 82 (1985); *In re Randy B.,* — R.I. —, —, 486 A.2d 1071, 1073 (1985).

 We have reviewed the record of testimony and the exhibits in the case at bar and conclude that not only did the trial justice not overlook or misconceive any relevant evidence on a material issue and was not otherwise clearly wrong but also his findings of fact were supported by the overwhelming preponderance of the evidence in light of his determination of the credibility of witnesses. It is also well settled in this jurisdiction that determinations of credibility are peculiarly within the province of the trial justice and are not lightly to be set aside. *Rodriques v. Santos,* — R.I. —, —, 466 A.2d 306, 312 (1983); *J. Koury Steel Erectors, Inc. of Massachusetts v. San-Vel Concrete Corp.,* 120 R.I. 360, 364, 387 A.2d 694, 697 (1978). There is no question that the trial justice followed the appropriate rules of law in his interpretation of the agreement and in his finding that such an agreement could not be unilaterally terminated by one of the parties without just cause. *See Jakober v. E.M. Loews Capitol Theatre, Inc.,* 107 R.I. 104, 265 A.2d 429 (1970); 1 Corbin, *Contracts* § 50 (1963).

■ The arguments advanced by defendants to the effect that the trial justice made inconsistent findings of fact are absolutely without merit in the light of a careful reading of the trial justice's detailed bench decision. Similarly, we reject the contention that the trial justice ignored uncontradicted evidence. In some instances the trial justice found that Richard Delfino's testimony was inherently improbable or that he did not believe such testimony in view of the context of undisputed or established facts. These findings were wholly within the province of the trial justice and will not be disturbed on appeal.

■ Finally, we are of the opinion that the trial justice's determination of damages was in accordance with the terms of the written agreement. His deletion of that portion of additional rent relating to the erection of a refrigeration unit that had not been contemplated in the original agreement was also correct.

Other arguments raised by the defendants and not specifically discussed in this opinion are deemed to be without merit.

For the reasons stated, the appeal of the defendants is denied and dismissed; the judgment entered in the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.