Pauline J. BERUBE

v.

Richard B. MONTGOMERY et al.

No. 95–2–APPEAL.

Supreme Court of Rhode Island.

Jan. 10, 1997.

Pauline J. Berube, pro se, for Plaintiff.

Raymond C. Holland, for Defendant.

**OPINION**

PER CURIAM.

This case came before the court November 4, 1996, for consideration on the memoranda filed by the parties without oral argument, pursuant to an order that had directed both parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Pauline J. Berube, appeals from a judgment entered in the Superior Court dismissing her complaint for lack of prosecution. The facts underlying the judgment are as follows.

In 1977 plaintiff filed a complaint against the defendants, Richard B. and Geraldine L.S. Montgomery, seeking specific performance of a contract to sell real estate and also seeking damages for breach of contract. A justice of the Superior Court bifurcated the claim for specific performance from the claim for damages. On July 28, 1980, a justice of the Superior Court granted plaintiff's request for specific performance. This judgment was affirmed by this court in *Berube v. Montgomery,* 463 A.2d 158 (R.I.1983).

Thereafter a date was set for the conveyance of the property. Pursuant to the judgment, plaintiff was required to pay $20,000 as the purchase price. The plaintiff failed to pay the required amount.

Consequently, on September 29, 1983, defendants filed a motion seeking to be relieved of the obligation to carry out their duty of specific performance. Another justice of the Superior Court granted the motion and on October 7, 1983, entered the following order:

"Defendants are hereby forever relieved of specific performance under Judgment of 14 October 1980 in said matter, and are henceforth under no obligation to convey [the] subject real estate."

This order was not appealed. However, on October 18, 1983, plaintiff sought the issuance of a writ of attachment. Her motion was denied on December 9, 1983. In spite of this denial plaintiff filed a notice of lis pendens on the property on December 12, 1983. Approximately five years later plaintiff sought a temporary restraining order and an injunction against the construction of a house on defendants' property. Injunctive relief was denied on February 8, 1989. The record shows no further activity in the case until November 21, 1994, when defendants moved to dismiss for lack of prosecution and for removal of the lis pendens that had been filed on December 12, 1983. This motion was heard by still another justice of the Superior Court, who ordered the lis pendens to be removed and assigned plaintiff's claim for damages for hearing to April 18, 1995. The defendants moved to reconsider, and in response thereto the justice entered a final judgment on December 16, 1994, in which he dismissed plaintiff's complaint with prejudice for lack of prosecution. From this judgment plaintiff has appealed.

■■■ Rule 41(b) of the Superior Court Rules of Civil Procedure authorizes a justice of the Superior Court, in his or her discretion, to "dismiss any action for lack of prosecution [when] the action has been pending for more than five years." We review such an order of dismissal only for abuse of discretion. *Finney Outdoor Advertising Co. v. Cordeiro*, 485 A.2d 910 (R.I.1984). Our review of the record in this case indicates that the trial justice did not abuse his discretion in dismissing the case wherein no activity as of record is shown from February 8, 1989, until November 21, 1994. It should be noted that the case had been pending since 1977. The plaintiff failed to address the question of her damages in a timely manner. Such activity as is disclosed by the record indicates only inappropriate efforts by the plaintiff to seek to exercise rights in respect to the real estate itself, which had been specifically denied as long ago as October 7, 1983. We therefore conclude that the trial justice committed no error in dismissing this case for lack of prosecution.

The plaintiff's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.